Mary A. Good, appellee, v. City of Omaha, appellant.

Filed July 8, 1908.   No. 20515.

Master and Servant: Employers' Liability Act: Claim for Compensation. The mere fact that the employer has knowledge that the employee has received an injury will not dispense with the necessity of the claimant's making his claim for compensation, as provided by section 3674, Rev. St. 1913 (Employers' Liability Act).

Appeal from the district court for Douglas county: Charles Leslie, Judge. Reversed.

*John A. Rine* and *L. J. TePoel,* for appellant.

*George H. Merten, contra.*

CORNISH, J.

Defendant's appeal from judgment awarding compensation under the employers' liability act, for the death of plaintiff's husband, a policeman, killed while in the line of duty.

We have to determine the necessity of making claim for compensation. No claim was made or notice of injury given. The defendant's admission, however, that it knew of the injury and death at the time of the occurrence obviates the necessity of notice under a special provision of the statute touching notice in such case.

Section 3674, Rev. St. 1913, reads in part as follows: "No proceedings for compensation for an injury under this article shall be maintained, unless a notice of the injury shall have been given to the employer as soon as practicable after the happening thereof; and unless the claim for compensation with respect to such injury shall have been made within six months after the occurrence of the same, or in case of the death of the employee, or in the event of his physical or mental incapacity, within six months after death or the removal of such physical or mental incapacity."

It is argued by plaintiff that this provision makes no distinction between giving "notice of injury" and making "claim for compensation," and that, inasmuch as the notice is unnecessary where the employer has knowledge of the injury, then in such case no claim for compensation need be made. We are of opinion that the provision will not bear such construction and is unambiguous. In *Simon v. Cathroe Co.*, 101 Neb. 211, we recognize the giving of notice and the making of the claim as distinct and separate prerequisites to the bringing of an action. The fact is, the requirement of the statute is only what a person acting in good faith would be likely to do without a statute. One receiving an injury, for which he expects to hold another liable, would feel called upon, as soon as practicable after receiving the injury, to give the other notice of it, and would feel called upon, as soon as he knew

the nature and extent of his injury, to make his demand for compensation. In courts of justice, the good faith of a claim is always more or less discredited by the fact that no immediate demand was made or that prosecution was long delayed. The employer is entitled to an early demand, so that he may know the nature and amount of the claim; may settle it, if possible, or, if not, may investigate the facts and preserve his evidence.

Section 3679, Rev. St. 1913, reads in part as follows: "In case of death, all claims for compensation shall be forever barred unless, within one year after the death, the parties shall have agreed upon the compensation under this article, or unless within one year after the death, one of the parties shall have filed a petition as provided in the next following section hereof."

Because this provision makes no reference to the requirement that claims must be made within six months, and because either party is privileged to go into court to settle any dispute arising, it is contended that the six-months' provision has no application. We think this, too, would be an unreasonable construction of the provision. It has no reference to invalid claims or claims otherwise barred. It is a statute of limitations, telling the claimant having a valid claim within what time he must prosecute it, if at all. The seeming contradiction in the language, in that the employer appears to be privileged to begin the suit within one year, whereas the claimant's rights might be lost by his failure to make the claim within six months, exists, if at all, in the words, not the sense. Surely, no substantial right would be denied the employer, even if denied the right to commence an action to have settled a claim against him already barred. *Fierro's Case,* 223 Mass. 378; *Johnson v. Wootton,* 4 B. W. C. C. 258; *Devons v. Anderson & Sons,* 4 B. W. C. C. 354; *Armstrong v. Oakland Vinegar & Pickle Co.,* 197 Mich. 334.

The city in its brief presents other arguments for our consideration bearing upon plaintiff's right of recovery,

and asks that we decide the questions raised, whether necessary to be decided in this case, or not.

Subdivision 3, sec. 3656, Rev. St. 1913 (Employers' Liability Act, amended in Laws 1917, ch. 85), excepts from the provisions of the act those persons whose employment is "not for the purpose of gain or profit by the employer." It is argued that the policeman's service cannot possibly be said to be "for the purpose of gain or profit." If this is so, then, under the statute, it must apply equally to all employees, not officers, of the state, or its governmental agencies, whose service is not for gain or profit, but merely govermental, which would include nearly all of such employees. The other provisions of the statute would appear to intend to include all of the employees of the state or its governmental agencies, not officers. The question would turn on whether or not, taking the act as a whole, the quoted words must be given the interpretation contended for by the city.

The act also excepts from its provisions officers appointed for a regular term of office. The question is raised whether this provision would not exclude policemen as officers.

It also appears that the plaintiff draws $40 a month pension from the city by reason of the death of her husband while in the line of duty. Section 3652, Rev. St. 1913 (Employers' Liability Act), limits the compensation permissible under the act to those provided for in subdivision 2 of the act. This raises the question, to what extent, if at all, a pension may be considered as compensation, and also whether a pension would be considered as "benefits derived from any other source," mentioned in section 3671.

The judges are not agreed upon the law involved in these questions, and we do not decide them. If the law is uncertain or ambiguous in these respects, it may be better that it be made certain by legislative enactment,

102 Neb.—42

wherein the legislature may express more clearly what its intention was.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

LETTON and SEDGWICK, JJ., not sitting.