# FRANK E. SHEFFIELD

*vs.*

# JOHN A. LUPTON.

*Partnership—Evidence—Question for Jury.*

In an action of tort against individuals as partners, *held* that the evidence as to whether one of them was a partner with the others, or had merely made a loan to them, being conflicting, was for the jury. pp. 126, 127

In an action for injuries caused by an automobile to plaintiff while he was alighting from a street car, *held* that the question of negligence was for the jury. · p. 128

*Decided March 2nd, 1921.*

Appeal from the Circuit Court for Howard County (FORSYTHE, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Leo Weinberg* and *D. Princeton Buckey,* for the appellant.

*William G. Towers* and *Harry C. Hull,* with whom were *James Clark* and *Robert Carman* on the brief, for the appellee.

BRISCOE, J., delivered the opinion of the court.

The plaintiff, John A. Lupton, brought this suit against the defendants, individually and as co-partners, trading as the Frederick Transit Company-New Pierce Arrow Bus Line, in the Circuit Court of Frederick County, to recover damages for certain injuries received by the plaintiff by reason of the alleged negligence of the defendants in the management and operation of an automobile bus, on or about June 29th, 1918, on Frederick Avenue in Baltimore City.

The case was removed for trial to the Circuit Court for Howard County, and resulted in a verdict for the plaintiff

against all of the defendants, for the sum of $2,500, with interest from April 12th, 1920. From the judgment entered on this verdict, one of the defendants, Frank E. Sheffield, has taken this appeal.

The record contains but a single exception and that presents the ruling of the court upon the prayers. The plaintiff offered two prayers, but they were not pressed, and were afterwards withdrawn. The defendants presented ten prayers, and all of these were granted except their first, third and eighth prayers, which were refused. The ruling of the court, in the refusal to grant the defendants' first, third and eighth prayers, form the basis and constitutes the only question arising upon this appeal.

The declaration is in the usual form in cases of this kind, and avers that, on or about the 29th day of June, 1918, while the plaintiff was in the act of alighting from the rear end of one of the electric railway cars owned and operated by the United Railways and Electric Company, on Frederick Avenue in Baltimore City, at or near its intersection with Forest Hill Avenue in said city, and on which railway car the plaintiff had been a passenger, the plaintiff was run into and knocked by an automobile bus owned by the defendants and driven by the defendants, their agents and servants; and thereby and as a result of said collision was seriously and permanently injured about the arms, legs, head, body and otherwise damaged; that the said injuries and damages so suffered by the plaintiff were caused directly by the careless, reckless and negligent manner in which the defendants, their agents and servants operated, managed, conducted and drove the automobile bus, without negligence or want of care on the part of the plaintiff thereunto directly contributing; that in addition to the aforegoing injuries and damages, the plaintiff was obliged to incur great cost and expense for medical treatment and attention.

To the declaration, the defendants pleaded jointly and severally, the general issue plea, that they did not commit the wrongs alleged and also a special plea to the effect, that at

the time of the alleged wrongs there was no such partnership, as Nathaniel J. Bowen, Ernest M. Young and Frank E. Sheffield, trading as the Frederick Transit Company-New Pierce Arrow Bus Line; nor were they at any time partners.

The correctness of the court's ruling upon the question of partnership *vel non,* as raised by the pleadings and presented by the defendants' first, third and eighth prayers, constitute, as stated by the appellant in his brief, the sole question and the only error alleged to have been committed by the court below in the trial of the case.

There was no error in refusing the defendants' first prayer. This prayer asked the court to rule as a matter of law that, under the pleadings and evidence in the case, there was no evidence legally sufficient to establish a co-partnership existing between the defendants at the time of the accident, and that the plaintiff was not therefore entitled to recover as against Frank E. Sheffield, and their verdict must be in his favor.

It is apparent, from an examination of the record, that the testimony upon which the question of partnership *vel non* in this case rested, was disputed and conflicting, and this being so, the question of whether a partnership existed in the case between the parties was one for the jury, and not for the court to determine as a matter of law.

In 22 *A. & E. Ency. of Law,* 2nd Ed., 51, it is said: "Where the facts are disputed, or the contract and intent of the parties is to be gathered by inference from parol evidence, the question is for the jury to be determined in accordance with instructions from the court as to what facts will constitute a partnership."

Ernest M. Young, one of the defendants, was produced at the trial as a witness on behalf of the plaintiff and testified that there was no written agreement of partnership between the parties, but that at the time of the accident on June 29th, 1918, the firm of the Frederick Transit Company or Pierce Arrow Bus Line consisted of himself, "Nathaniel J. Bowen and Frank Sheffield, all mixed up together," that the firm at

first owned and controlled in the way of cars and automobiles one Hudson, and Pierce Arrow car; that he and Bowen had been running a hiring car in Frederick since 1917. "We rented a place in Frederick." "Sheffield was in the saloon business, and suggested a bus route between Baltimore and Frederick, and Frederick and Washington, so that we all could make some money." "We had one" car and Sheffield bought the Pierce-Arrow car from the Packard Motor Car Company for the sum of $500, "in order that we could run a bus route from Frederick to Baltimore and return." The check for the purchase of the car was given by Sheffield "to N. J. Bowen and endorsed by me to the Motor Car Company." "Bowen rented the place, opened the office, did a lot of advertising, got in the telephone and attended the other expenses. Sheffield suggested the bus routes and furnished the money. We (Bowen and I) contributed our labor and established the hiring business." The car that caused the accident in this case is the one that was bought by Sheffield, Bowen and the witness, and Sheffield was to share the profits, if any, by the firm.

The testimony upon the part of the defendants was in direct conflict with that given on the part of the plaintiff upon the question of partnership.

The witness Bowen, one of the defendants and one of the partners, testified that the partnership consisted of Young and himself, and that Sheffield loaned the money to the firm to buy the car but was not a member of the firm at the time of the accident.

Frank E. Sheffield, one of the defendants, testified that he was not a member of the firm of the Frederick Transit Company on the 29th of June, 1918, but that he loaned the firm $500 to be paid back out of their earnings and, if they made no earnings, he was to take the car back. He also testified that he received $80 from the firm of Young and Bowen on account of the car, and the sum of $425 from a Mr. Zimmerman for damage to the car purchased by the firm, and that he sold the car for junk for $200, making a net profit of $205.

Upon cross-examination he testified, in answer to the question, "This net profit that you made, did you return that to Young and Bowen? A. There was no net profit—there was another $500. I had $1,000 invested in there. There were two cars." He further testified that he was interested in the company in this way, "if they made any money they were to pay me the money back."

There was other testimony upon the part of both the plaintiff and defendants, but the recital we have made is entirely sufficient to show that the court could not have granted the defendants' first prayer.

The weight of the evidence and the credibility of the witnesses were for the jury and not for the court, and the prayer was properly refused.

The defendants' granted prayers, it will be seen, instructed the jury that their verdict must be for the defendants, unless they find from the evidence that on June 29th, 1918, there existed among the defendants the firm or co-partnership known as the Frederick Transit Company and that the defendants were actually partners at this time.

The defendants' third and eighth prayers were demurrers to the evidence, and were properly refused for the reasons stated by us in discussing the first prayer.

There was evidence legally sufficient to be submitted to a jury to establish the negligence of the defendants in running the car, and to support the theory of the plaintiff's case, that the injury was caused by the carelessness and neglect of the defendants.

The question of the existence of the partnership *vel non* was one for the jury, under all the facts of the case, and not for the court, and as we find no reversible error in the rulings of the court on the defendants' exception to the prayers, the judgment appealed from must be affirmed.

*Judgment affirmed, with costs.*