## McCLENAHAN v. OKLAHOMA RY. CO. et al.

No. 17596.   Opinion Filed March 20, 1928.

Rehearing Denied May 29, 1928.

(Syllabus.)

**1. Master and Servant—Workmen's Compensation Law—Claim Barred by Failure to File Within Year After Injury..**

Where an injured employee fails for more than a year to file his application with the State Industrial Commission for compensation, the same is barred by section 7301, C. O. S. 1921.

**2. Same—Bar of Statute not Prevented by Mere Failure of Employer to Disclose Facts.**

The mere failure of an employer to disclose that a cause of action exists in favor of an employee is not sufficient to prevent the running of the statute of limitations. There must be something more, some actual artifice to prevent knowledge of the facts; some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry.

Action by Robert S. McClenahan, petitioner, to review the award of the State Industrial Commission denying liability of the Oklahoma Railway Company to petitioner for an alleged injury. Award of the Industrial Commission affirmed.

Fred M. Hammer, for petitioner.

Kent W. Shartel and Ansel T. Blake, for respondents.

CLARK, J. This is an original action filed in this court by petitioner to review an award of the State Industrial Commission entered on the 7th day of June, 1926, wherein Robert S. McClenahan, petitioner, was claimant, and the Oklahoma Railway Company was respondent.

Said order and award dismissed the claim of the petitioner for want of jurisdiction for the reason same was not filed with the State Industrial Commission for more than one year after the date of the alleged injury.

Plaintiff in error assigns 12 separate assignments of error, which may be considered under two headings:

First. Was claim of petitioner barred by the statute of limitations.

Second. If barred by the statute of limitations, was the act of respondent such as would prevent the statute of limitations running as between the petitioner and respondent?

The evidence disclosed that petitioner was in the employ of respondent as express agent, and during the latter part of August, 1924, the alleged injury occurred. Petitioner worked on with the said respondent until October 24, 1924; made some complaint to the company of his injury and was examined by respondent's doctor, Dr. West. Petitioner testified that after leaving the services of respondent he did not work for a little over a month, and then went to work for the Alligator Manufacturing Company; that he told Mr. Pugh, his manager, and Mr. Keyser, the foreman, that he was injured and could not do heavy work. After leaving the Alligator Manufacturing Company, he went to work for the Sun Finance Company as secretary, and did office work. July 9, 1925, he went to the Oklahoma General Hospital, and was operated on for hernia. Dr. Harbinson performed the operation, and Dr. Harbinson wrote Dr. West regarding the injury or the operation; that he reported his injury to George W. Struble, claim agent for respondent.

The following questions and answers appear in the record:

"Q. You were operated on, then, for hernia? A. Yes. Q. It is your opinion it was caused solely by the accident you received while working for the Oklahoma Railway Company? A. It was a mere conclusion."

At the conclusion of the testimony of petitioner, respondent asked that the cause be dismissed, for the reason the record disclosed that the claim was filed with the Commission on or about January 27, 1926, and that the same was barred by section 7301, C. O. S. 1921, which motion was by the Commission sustained, and the cause dismissed.

Petitioner offered to prove by witnesses that the injury arose out of and in the scope of the employment; that respondent had actual notice of the injury within the time prescribed by law; that the respondent failed to report the injury to the Industrial Commission; that the respondent failed to submit form 3 to the employee; that the claim for compensation was filed within one year from the date of disability; that the injury was not caused by any work done by the claimant after leaving the employ of the Oklahoma Railway Company. This offer of evidence was overruled and excepted to by respondent.

We are of the opinion that this cause comes clearly within section 7301, C. O. S. 1921, which is as follows:

"The right to claim compensation under this act shall be forever barred, unless within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

The record discloses that the alleged injury occurred the latter part of August, 1924, and the claim was filed with the State Industrial Commission January 27, 1926, which was more than a year subsequent to the alleged injury.

In Haiselden v. Industrial Board of Illinois, 113 N. E. 877, the Supreme Court of Illinois said:

"The requirement of section 24, of the Workmen's Compensation Act, 1913, that no proceeding for compensation thereunder shall be maintained unless claim for compensation has been made within six months after the accident, etc., is mandatory, and a claim not presented is barred, even though the delay in presentation was due to the injured man having mistakenly presented the claim to the wrong person, thinking him his employer."

In Rubin v. Fisher Body Corporation, 172 N. W. 534, the Supreme Court of Michigan, paragraph 1 of the syllabus, says:

"An injured servant must unequivocally claim compensation under the Workmen's Compensation Act within the period of six months fixed by the statute."

In Good v. City of Omaha, the Supreme Court of Nebraska, 168 N. W. 639, laid down the following rule:

"The mere fact that the employer has knowledge that the employee has received an injury will not dispense with the necessity of the claimant making his claim for compensation, as provided by section 3674, Rev. St. Neb. 1913."

We are therefore of the opinion that petitioner's claim was barred by section 7301, supra.

It is next contended by petitioner that the evidence introduced and offered shows that the Oklahoma Railway Company, respondent, had neglected and violated a legal duty which they owed to petitioner and that they had deceived petitioner as to his rights, and thereby prevented petitioner from asserting said rights, and that respondent was guilty of fraud in so deceiving him and preventing petitioner from asserting his rights, and this

act on the part of respondent would toll the statute of limitations, and that said statute would not apply in the case at bar.

Plaintiff in error cites the case of Leroy E. Waugh v. Guthrie Gas, Light, Fuel & Improvement Co., 37 Okla. 239, 131 Pac. 174. This case is distinguished from the case at bar in this: In the Waugh Case, supra, the plaintiff occupied a building, and the gas company had a gas line or pipe line in the alley at the rear of the building, and permitted the gas to escape and accumulate under the floor of Waugh's building. An explosion occurred by reason thereof. Waugh was injured. The gas company knew the cause of the explosion, secretly repaired the gas line, and kept this information from the injured party. This court held that such fraudulent concealment constituted an implied exception to the statute of limitations.

Syllabus paragraphs 2 and 3 in the Waugh Case are as follows:

"2. Fraudulent concealment constitutes an implied exception to the statute of limitations, and a party who wrongfully conceals material facts, and thereby prevents a discovery of his wrong, or the fact that a cause of action has accrued against him, is not allowed to take advantage of his own wrong by pleading the statute, the purpose of which is to prevent wrong and fraud.

"3. The mere failure to disclose that a cause of action exists is not sufficient to prevent the running of the statute. There must be something more; some actual artifice to prevent knowledge of the facts; some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry."

In the case at bar, if the plaintiff was injured, he knew of it; he knew the cause of the injury; he knew the extent of the injury better than anyone; in fact, if he was injured, the cause of the injury was never concealed from him by respondent, and his mere failure and neglect to assert his rights by filing an application with the State Industrial Commission for compensation can in no way be charged to the neglect, concealment, or fraud of the respondent. The alleged injury occurred in August, 1924. He was operated on July 9, 1925; discussed then with Dr. Harbinson the question of the liability of respondent for said injury; was fully aware of all of the facts and circumstances surrounding said injury; had full knowledge of his rights, and his failure to assert his claim can in no way be charged to the respondent.

We are therefore of the opinion that the judgment and award of the Industrial Commission was correct, and should be affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) Workmen's Compensation Acts—C. J. p. 106, §103; anno. 16 A. L. R. 462; 40 A. L. R. 495.