## PINE v. STATE INDUSTRIAL COM. et al.

No. 21858. Opinion Filed April 21, 1931.

Hiatt & Hannigan, for petitioner.

Sid White, for respondents.

RILEY, J. On March 11, 1929, R. A. Mitchell, while engaged in hazardous employment of W. B. Pine, received an accidental injury to his head. His pay at the time was $4 per day. The employer furnished medical attention. The workman returned to labor within five days and continued in his employment until April 2, 1929. From April 2, 1929, to September 1, 1929, the employer paid the workman $16 per week compensation. Beginning anew September 1, 1929, and ending September 30, 1930, the workman labored for the employer as a pumper and received $75 per month. On May 30, 1930, the workman was transferred to a warehouse in Okmulgee and was put to cutting weeds. He quit his employment. Claim for compensation was filed May 31, 1930. On September 11, 1930, the State Industrial Commission entered the order, now reviewed, wherein it is recited: That it is admitted by the respondent that R. A. Mitchell sustained an accidental injury arising out of and in the course of his employment with respondent on March 11, 1929; that the employment was hazardous; that claimant was receiving $4 per day for his labor. That respondent paid claimant compensation (in the amount to which he is entitled) from date of injury until September 1, 1929, and that thereafter, until shortly before the 31st day of May, 1930, respondent paid claimant in lieu of compensation the sum of $75 per month; that respondent challenges the jurisdiction of the Commission, but that respondent recognized liability to claimant by paying him compensation until September 1, 1929, and by paying wages in lieu of compensation until shortly before the filing of the claim, and by assuring claimant that there was no necessity to file claim; that respondent's liability would be recognized.

The award was at the rate of $15.39, from May 25, 1930, the date of last payment, in lieu of compensation, to date of the award, in the sum of $235.98, and continuing at said rate until further order, and for medical treatment furnished by Dr. Cochran.

The employer on review contends:

"The Industrial Commission had no jurisdiction over the subject-matter for the reason that the claim for compensation was not filed within one year after injury."

Section 7301, C. O. S. 1921, provides:

"The right to claim compensation under this act shall be forever barred unless, within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

It is urged that section, 7301, supra, is not a mere statute of limitation affecting the remedy, but is a statute defining a right and fixing jurisdiction of the Commission; that the Workman's Compensation Law is a statutory creation, unknown to the common law (Fursman Coal Co. v. State Indus. Comm. (1925) 105 Okla. 261, 232 Pac. 802); that the power, authority, and jurisdiction thereunder is purely statutory and limited. Tazewell Coal Co. v. Indus. Com., 287 Ill. 465, 123 N. E. 28. That limitation upon the right conferred is the provision, above set out, as to time in which the benefits may be secured. It is contended that section 7301,

supra, is jurisdictional and mandatory. Mc-Clenahan v. Oklahoma Ry Co. (1928) 131 Okla. 73, 267 Pac. 657, citing: Haiselden v. Indus. Board of Ill. (Ill.) 113 N. E. 877; Rubin v. Fisher Body Corp., 205 Mich. 605, 172 N. W. 534; Good v. City of Omaha, 102 Neb. 654, 168 N. W. 639; each case holding that filing of a claim within time provided by statute is jurisdictional.

Steffens Ice Cream Co. v. Jarvis (1928) 132 Okla. 300, 270 Pac. 1103, is sought to be distinguished in that it is said the rule therein announced that no particular form of pleading is required to give the Commission jurisdiction is sound, but that the obiter dictum employed, to the effect that an employee who receives all the law allows is not compelled to file a claim in order to give the Commission jurisdiction, is unsound for that the filing of a claim in some form or other in the specified time is necessary to confer jurisdiction, and without the filing of such a claim, in such time, jurisdiction cannot be conferred by estoppel, waiver, conduct, or consent, either expressed or implied. Citing Wilson Drilling Co. v. Beyer (1929) 138 Okla. 248, 280 Pac. 846, wherein it was held:

"Under section 7301, C. O. S. 1921, the right of an injured workman to claim compensation is limited to one year after the injury."

The reason for the rule urged upon us is said to be expressed in Harrisburg v. Tickards (1886) 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358, as follows:

"The statute creates a new legal liability, with the right to a suit for its enforcement, provided the suit is brought within 12 months and not otherwise. The time within which the suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition attached to the right to sue at all. * * * Time has been made of the essence of the right, and the right is lost if the time is disregarded. The liability and the remedy are created by the same statutes; and the limitations of the remedy are, therefore, to be treated as limitations of the right."

Such rule as adopted in Vermont is urged. Petraska v. Nat. Acme Co. (Vt.) 113 Atl. 536, wherein it was held the six months period allowed for filing the claim was jurisdictional and that the statute could not be tolled by admissions of liability and it could not be waived by payment of medical expenses, but that the Commission's jurisdiction was fixed by law, not to be enlarged, diminished, or destroyed by express consent or waived by act of estoppel.

The Oregon rule is urged (Lough v. St.

Industrial Acc. Com., 207 Pac. 354), wherein it is held that the Workmen's Compensation Law makes provision for the workman unknown to the common law and that the workman "must accept it in the manner, at the time, and on the terms it is made," and that the limitation of three months for filing claim "is one of the essential ingredients of the contract or offer, so that the statute, having created the right of recovery, does not merely limit the remedy, but operates as a limitation of the liability itself."

The New York case of Twonko v. Rome Brass & Copper Co., 224 N. Y. 263, 120 N. E. 638, is relied upon, wherein that court held the one-year statute for filing claim jurisdictional.

So, also, is the rule in Connecticut, cited in Simmons v. Holcomb, 120 Atl. 510, holding the one-year statute for filing claim a condition attached to the right of action, limiting liability and not merely the remedy, requiring strict compliance.

The Nebraska rule is furnished in Good v. City of Omaha, 102 Neb. 654, 168 N. W. 639, cited in the McClenahan Case in Oklahoma, supra, and Duhrkopf v. Bennett (Neb.) 187 N. W. 813, to the effect that:

"Where a right has been created by statute which did not exist at common law, the Legislature may impose restrictions thereon and the conditions so imposed qualify and are an integral part of the act and must be fully complied with in the manner therein prescribed."

The Georgia rule is cited, Bussey v. Bishop (1929) 150 S. E. 78, 67 A. L. R. 287, holding:

"The Workmen's Comp. Act of this state (Acts 1920, p. 167, as amended) creates a new right of action, one not existing at common law, of which the requirement that actions for the enforcement thereof shall be filed with the Industrial Commission within one year from the date of the accident, is an essential ingredient, and the right ceases and terminates where the claim is not so filed."

Also, U. S. Cas. Co. v. Smith, 162 Ga. 130, 133 S. E. 851.

The Michigan rule is stated in Dane v. Mich. United Traction Co., 166 N. W. 1017, and in Kalucki v. Am. Car & Foundry Co., 166 N. W. 1011, it is held:

"The six months' limitation of time fixed by this act for claiming compensation under it is plainly expressed, with no qualification and no latitude given, by proviso or otherwise, to the board administering it for extension of time."

And the attitude of the Michigan Supreme

Court is recited in Cook v. Holland Furnace Co., 166 N. W. 1013:

"We must approach this question, having full regard for the fact that, under the division of powers found in the Constitution, our duty is not to enact, but to expound the law, not to legislate but to construe legislation, to apply the law as we find it, and to maintain its integrity as it has been written by a co-ordinate branch of state government. If the law as written works a hardship in a special class of cases, the remedy lies with the branch of the government charged with the duty of enacting laws. If one does not protect himself and his rights under the law as written, it is his misfortune, and this court should not by judicial legislation, for the purpose of relieving that misfortune, write into the statute a provision that the Legislature had not seen fit to enact."

See, also, Schild v. Pere Marquette R. Co. (1918) 200 Mich. 614, 166 N. W. 1018; Podkastelnea v. Mich. Cent. R. Co. (1917) 164 N. W. 418; Brown v. Weston-Mott Co., 202 Mich. 592, 168 N. W. 437; Stein v. Packer Motor Co. (Mich. 1920) 178 N. W. 61, and Rubin v. Fisher Body Corp. (1919) 205 Mich. 605, 172 N. W. 534, cited with approval in the McClenahan Case, supra.

In the Stein Case, supra, it was held the furnishing of medical aid and light work in lieu of compensation did not toll the statute. See, also, the rule in Illinois requiring that claim be made. Haiseldon v. Indus. Bo. of Ill. (Ill.) 113 N. E. 877; Conway v. Indus. Board (Ill.) 118 N. E. 705; Moustgaard v. Indus. Comm. (Ill.) 122 N. E. 49; Bushnell v. Indus. Bo. (Ill.) 114 N. E. 496, all holding the making of a claim jurisdictional.

In Ohio Oil Co. v. Indus. Comm. (Ill.) 127 N. E. 743, it was held that payment by employer to employee of $10 per week during part of the latter's disability and payment of hospital bill would not toll the statute, but that under the statute (six months) the right of action was barred.

"The claim for compensation which Workmen's Compensation Act, sec. 24, requires to be made within six months, is jurisdictional." Cent. Locomotive & Car Works v. Indus. Comm., 290 Ill. 436, 125 N. E. 369.

The rule in West Virginia is urged, Poccardi v. Ott, 98 S. E. 69, wherein it was held a delay in the mail furnished no exception in favor of a delayed claim. Also the Alabama holding in Ex parte Sloss-Sheffield Steel & Iron Co., 93 So. 425, is cited, together with that of Kansas in Smith v. Salvay Process Co., 100 Kan. 40, 163 Pac. 645, wherein it was held:

"The statute is not open to any reasonable interpretation that would warrant the court in holding that a recovery may be had where a claim is not made within the period fixed in the act."

The Maine court so holds, Garbouska's Case (1925) 130 Atl. 180. Maryland also holds such a statute mandatory, Vang Const. Co. v. Marcoccia, 140 Atl. 712. Montana follows the majority rule, Chmielewska v. Butte & Superior Mining Co. [1927] 261 Pac. 616), as does Utah under its general law that an action for a liability created by statute must be commenced within one year. Maryland Cas. Co. v. Indus. Com., 278 Pac. 60.

Rhode Island follows the general rule stated in Bement v. G. R. & I. Ry. Co., 194 Mich. 64, L. R. A. 1917E, 322. Such statutes "create a right of action conditioned upon its enforcement within the prescribed period," and "it is a condition attached to the right to sue at all," and "commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits." Minnesota holds likewise in Lipmanowich v. Crookston Lbr. Co. (Minn. 1926) 210 N. W. 47, holding:

"It fixed the time within which the right might be enforced and the time limited (is) attached to the right and controls the enforcement thereof."

But this court has held to the contrary and overruled all cases to the contrary and stated that "the provisions of section 7301, C. O. S. 1921, that the right to claim compensation under the Workmen's Compensation Act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the State Industrial Commission, is a limitation on the remedy and not upon the right itself." Atlas Coal Co. v. Corrigan, 148 Okla. 36, 296 Pac. 963, the writer hereof dissenting.

Under the rule last cited this issue is determined, notwithstanding that petitioner herein urges that "jurisdiction cannot be conferred by waiver, estoppel, conduct or consent," as determined in Robinson v. Peru Plow & Wheel Co. (1893) 1 Okla. 140, 31 Pac. 988, and Keenan v. Chastain (1917) 64 Okla. 16, 164 Pac. 1145) and that jurisdiction of the subject-matter may be raised at any time. Pine v. State Indus. Com. (1925) 108 Okla. 185, 235 Pac. 617. And despite the rule in the United States Circuit Court of Appeals (9th) Rogulj v. Alaska Gastineau Mining Co. (1923) 288 Fed. 549, holding: "The right of action created by the Alaska Act is wholly statutory and must be accepted with all the

conditions and limitations imposed by law." And despite the view of the Supreme Court of the United States in Flynn, Executor, v. New York, New Haven-Hartford R. R. Co., 51 S. Ct. 357, (March 23, 1931), based upon a right of action conferred by statute being limited "unless commenced within two years from the day the cause of action accrued." And despite the rule in Keser v. U. S. Lead Refinery, Inc. (Ind.) 163 N. E. 621, wherein despite the broken promises of the employer, the claim was not filed within the statutory period and the court dismissed the claim "for want of jurisdiction," and the rule in Ohio, Omin v. B. & O. S. W. R. Co., 8 Ohio App. 161, wherein it is held:

"The time within which the suit must be brought operates as a limitation of the liability, and not of the remedy alone. It is a condition attached to the right to sue at all."

And the rule in Connecticut, stated in Jester v. Thompson (1923) 121 Atl. 470:

"Unless the Workmen's Compensation Act gives the Commissioner the right to take jurisdiction over the claim, it cannot be conferred upon him by the parties either by agreement, waiver, or conduct."

It is next contended that there is no evidence to support the award for medical aid furnished by Dr. Cochran. The award is in no certain amount, but the employer is merely directed to "pay Dr. C. M. Cochran for and on account of said treatment and services so furnished claimant." In event the petitioner thinks the amount of Dr. Cochran's claim unreasonable, he may decline to pay it until the Commission determines the reasonableness of the amount claimed.

It is contended that there is no evidence showing total disability. We have reviewed the record, and find sufficient evidence to support the finding.

It is contended that the award is contrary to the clear weight of the evidence, but this court has many times held that it will not weigh the evidence adduced before the Commission to ascertain the preponderance, but will merely ascertain whether there is any competent evidence reasonably tending to support such order or award. Affirmed.

CULLISON, SWINDALL, ANDREWS, and KORNEGAY, JJ., concur. LESTER, C. J., CLARK, V. C. J., and HEFNER and McNEILL, JJ., concur in conclusion.

CLARK, V. C. J. (concurring). Cases cited in the opinion of the court as sustaining the contention of petitioner in this case are not in point for the reason that such cases are not cases construing an Industrial Statute similar to ours.

Section 7301, C. O. S. 1921, provides:

"The right to claim compensation under this act shall be forever barred unless, within one year after the injury, a claim for compensation thereunder shall be filed with the Commission."

This is clearly a limitation on the remedy and not on the right. It has been so held by this court.

Section 7334, C. O. S. 1921, provides:

"No limitation of time provided in this act shall run as against any person who is mentally incompetent or a minor dependent so long as he has no committee, guardian, or next friend."

These two sections must be considered in pari materia. They clearly show the legislative intent that it was a limitation on the remedy and not a limitation on the right to claim compensation.

The cases cited supporting petitioner's contention are cases construing different statutes. In the case of Lough v. State Industrial Commission, 104 Ore. 313, 207 Pac. 354, the Supreme Court of Oregon said:

"In view of section 6632, subd. 'd', Or. L., declaring that no claim for Workmen's Compensation shall be enforceable unless filed within a certain period 'after the date upon which the injury occurred.' * * *"

This is a different statute, and a construction placed on this statute would not be applicable to our statute under consideration, for this statute clearly makes it a limitation on the right to claim compensation by asserting that no claim for workmen's compensation shall be enforceable unless filed within a certain period after the date upon which the injury occurred

In McClenahan v. Oklahoma Ry. Co., 131 Okla. 73, 267 Pac. 657, this court cites the case of Haiselden v. Industrial Board of Illinois, 113 N. E. 877; the Supreme Court of Illinois said:

"The requirement of section 24, of the Workmen's Compensation Act 1913, that no proceeding for compensation thereunder shall be maintained unless claim for compensation has been made within six months after the accident, is mandatory, and a claim not presented is barred, even though the delay in presentation was due to the injured man having mistakenly presented his claim to the wrong person thinking him his employer."

The requirement under this Illinois statute is a limitation on the right to claim

compensation, in that it states that no proceedings for compensation thereunder shall be maintained unless claim for compensation has been made within six months after the accident.

Section 182, C. O. S. 1921, provides:

"Civil actions can only be commenced within the periods prescribed in this article, after the cause of action shall have accrued; but where, in special cases, a different limitation is prescribed by statute, the action shall be governed by such limitation."

This court has held that this statute can be tolled by payment of stale claims and by other acts of the defendant. This statute provides that civil actions can only be commenced within certain periods, and section 7301, supra, provides a right to claim compensation, which makes this a statute of limitations on the remedy and not a limitation on the right.

In the case of Steffens Ice Cream Co. v. Jarvis, 132 Okla. 301, 270 Pac. 1103, this court said:

"It is the contention of petitioners that the failure of the claimant to file a claim with the Industrial Commission within one year from the date of the injury deprives the Industrial Commission of jurisdiction to make the award so made and entered herein on the 10th day of June, 1927. Petitioner cites many cases holding that claims that are not presented to the Industrial Commission within the statutory period of limitations are barred. With this line of authorities we agree. The statute of limitations is a statute of repose. The Legislature provides same to prevent fraud, and to protect litigants from stale claims. This is a special statute of limitations covering a special and specific class of claims.

"Can it be said that the petitioner here, after reporting the injury and admitting the injury and liability, after the insurance carrier, acting on behalf of petitioner, had paid compensation for 20 months, admitting the injury and liability thereon, after the attending physician had reported to the Industrial Commission the nature and character in this court to say that the plaintiff's claim ant, that the petitioner then could be heard in this court to say that the plaintiff's claim was barred by this statute? We think not."

Section 7301, supra, provides in part:

"The right to claim compensation under this act shall be forever barred."

The respondent in this case did claim compensation and received compensation. His claim was admitted by the petitioner. His claim was allowed by the petitioner and his claim for compensation was paid by the petitioner, and as long as petitioner paid

his compensation it was unnecessary for him to file an action against his employer to claim that which he was receiving under the law. Suppose he had filed a claim with the Commission, and petitioner herein had come in and pleaded and proven that he was paying him compensation as provided by the act and that he had complied with all the terms of the act, in that he had paid all compensation for which the respondent could lawfully claim. The Commission necessarily could not make an award for that which had been paid.

The statute of limitation is a statute of repose to prevent stale claims and fraud, and should never be used to defeat justice and right.

The result reached in this case is manifestly correct and I concur in the same.

HEFNER and McNEILL, JJ., concur in the views herein expressed.