## GREENWOOD v. STATE INDUSTRIAL COMMISSION et al.

No. 27387.    Dec. 15, 1936.

John W. Tillman, Fred A. Tillman, and Louis O. Fink, for petitioner.

M. D. Kirk, W. M. Fleetwood, Jr., and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by O. L. Greenwood, as petitioner, to obtain a review of an order of the State Industrial Commission which denied his claim for compensation against the respondent Barnsdall Refinery, Inc. Respondent asserts that its correct name is Barnsdall Refinery Corporation. In this opinion the parties will be referred to as petitioner and respondent.

Petitioner filed an employee's first notice of injury and claim for compensation with the State Industrial Commission on March 4, 1936, seeking compensation for injury alleged to have been sustained as the result of an accident occurring on March 28, 1934. On notice from the commission the respondent denied having any record of the alleged accident. The commission heard the petitioner, and at the conclusion of his evidence dismissed his claim for want of jurisdiction since the claim had not been filed within one year after the date of the alleged injury as required by section 13367, O. S. 1931. Petitioner urges that the respondent had actual notice of the accident and the injury resulting, and that written notice thereof was not required under the authority of Protho v. Nette, 173 Okla. 114, 46 P. (2d) 942; Maryland Casualty Co. v. Osborn, 166 Okla. 235, 28 P. (2d) 934; and Fidelity Union Casualty Co. v. State Industrial Com., 130 Okla. 65, 265 P. 131; and that his claim was not barred by the statute, under the authority of Sinclair Prairie Oil Co. v. Smith, 168 Okla. 483, 34 P. (2d) 248; Steffens Ice Cream Co. v. Jarvis, 132 Okla. 300, 270 P. 1103; Pine v. State Industrial Com., 148 Okla. 200, 298 P. 276; Carl B. King Drilling Co. v. Wilson, 163 Okla. 109, 21 P. (2d) 21; Robinson v. State Industrial Com., 175 Okla. 619, 56 P. (2d) 826.

The cases last cited are authority for the rule that the provisions of section 13367, supra, are limitations upon the remedy and not upon the right to claim compensation. And as we have said in the case of Robinson v. State Industrial Com., supra:

"Under the previous decisions of this court the filing of an 'employer's first notice of injury,' plus the payment of compensation or wages in lieu thereof, is sufficient to invoke the continuing jurisdiction of the State Industrial Commission and prevent claimant's right to compensation from being barred by failure to file a more formal claim within a year."

Petitioner's evidence wholly failed to establish any such situation. It is conceded that no employer's notice of injury was ever filed and that the petitioner's claim of March 4, 1936, was the first and only claim or notice ever filed with the State Industrial Commission with reference to the alleged accident and resulting injury. The petitioner admits that he was never paid any compensation for his alleged injury, and that all wages paid him were for work performed and done and not in lieu of compensation. We are of the opinion that the facts in this case bring it squarely within the rule announced by us in McClenahan v. Oklahoma Ry. Co., 131 Okla. 73, 267 P. 657, and Sun Oil Co. v. Barkley, 148 Okla. 208, 298 P. 280. In McClenahan v. Oklahoma Ry Co., supra, we said:

"Where an injured employee fails for more than a year to file his application with the State Industrial Commission for compensation, the same is barred by section 7301, C. O. S. 1921."

Section 13367, O. S. 1931, as amended by section 4, chap. 29, S. L. 1933, reads as follows:

"13367. The right to claim compensation under this act shall be forever barred unless within one year after the injury a claim for compensation thereunder shall be filed with the commission. Provided, however, claims may be filed at any time within one year from the date of last payment of any compensation or remuneration paid in lieu of compensation."

Under the statute above quoted and the decisions of this court, the evidence of the petitioner discloses that his claim had been barred for almost a year when it was first filed with the commission, and that therefore the order made by the commission was correct and proper. This being true, the same will not be disturbed by this court. Order sustained.

OSBORN, V. C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.