SCHUERMANN v. HACKER MILL & ELEVATOR CO. et al.

No. 29940. May 13, 1941.

*113 P. 2d 389.*

Elam & Crowley, of Enid, for petitioner.

Pierce & Rucker and Fred M. Mock, both of Oklahoma City, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by Alfred W. Schuermann, hereinafter referred to as petitioner, to obtain a review of an order of the State Industrial Commission which affirmed the findings and order of the trial commissioner wherein the claim of the petitioner to compensation against Hacker Mill & Elevator Company, hereinafter referred to as respondent, was denied.

The petitioner, on January 19, 1940, filed with the State Industrial Commission employee's first notice of injury and claim for compensation for an injury alleged to have been sustained on June 16, 1936. The reason assigned for not filing said claim at an earlier date was that the petitioner was ignorant of the necessity for so doing. The respondent challenged the jurisdiction of the State Industrial Commission to entertain the claim or to make any award thereon for the reason the alleged claim had not been filed within time limited by statute (section 13367, O. S. 1931, as amended by sec. 4, chap. 29, S. L. 1933, 85 Okla. St. Ann. § 43). The petitioner in reply alleged that the respondent had notice of accident at the time it occurred and full knowledge concerning the extent thereof and had promised to file all claims and reports necessary and had thereby misled the petitioner, and for this reason should be held to be estopped to claim the protection of the statute.

The parties appeared before a trial commissioner and stipulated that the petitioner had not been paid any compensation or any wages in lieu of compensation, and had not been furnished any medical care or attention by the respondent for his alleged injury, and that the petitioner had not filed any claim for compensation prior to the filing of the one here involved. Thereupon the respondent objected to the introduction of any further evidence in the proceeding for the reason that under the stipulated facts the claim of the petitioner was barred and the commission was without jurisdiction to entertain the same. The trial commissioner sustained the objection so made, and thereupon the petitioner offered to prove, if permitted to do so, the matters set up in his reply and which he urged constituted an estoppel.

The trial commissioner, upon the facts stipulated by the parties and the admissions contained in the several pleadings on file, made the following finding of fact:

"1. That claimant failed to file his claim within the statutory period of one year, after the date of said injury, and that he had not received compensation or wages in lieu of compensation within a year previous to the filing of his claim."

On the foregoing finding of fact the trial commissioner denied the claim of the petitioner for the reason the same was barred and the commission had no jurisdiction to entertain the proceeding. The petitioner prosecuted an appeal to the State Industrial Commission en banc, where the order of the trial commissioner was affirmed. This latter order is the one which we are now called upon to review.

The petitioner assigns seven grounds of error and illegality in said order. The assignments of error so made are under two general propositions, which may be thus summarized: (1) The State Industrial Commission is a tribunal of limited jurisdiction, and therefore has no power to determine its jurisdiction when this is drawn into controversy; (2) if the Industrial Commission has power and authority to determine its jurisdiction, then it should have received the evidence of the petitioner and held the same sufficient to constitute an equitable estoppel against the respondent.

The contentions so made are not tenable. The Industrial Commission is a tribunal of limited jurisdiction (Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846), but within the limitation provided its jurisdiction is exclusive (O. S. 1931, § 13348 et seq., as amended, 85 Okla. St. Ann. § 1 et seq.), and in determining its jurisdiction the State Industrial Commission may very properly look to the statute for this purpose; and, while the finding of the commission on jurisdictional questions is not conclusive on review in this court (McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32), yet when the facts are not in dispute, there is no room for construction.

The petitioner having stipulated that he had never filed notice of injury and that he had not filed claim for compensation prior to January 19, 1940, and that he had not been paid any compensation or wages in lieu of compensation or furnished any medical care or attention by the respondent, left no matter in dispute. The petitioner thereby unequivocally advised the State Industrial Commission that his claim had not been filed either within the period limited by statute, supra, or under circumstances which would relieve him from so doing. The stipulated facts and statements contained in the pleadings bring the case at bar squarely within the rule heretofore announced in the cases of Greenwood v. State Industrial Commission, 178 Okla. 417, 63 P. 2d 92; McClenahan v. Oklahoma R. Co., 131 Okla. 73, 267 P. 657.

The contention of the petitioner with respect to the duty of the State Industrial Commission to receive his evidence and to hold the same sufficient to constitute an equitable estoppel of the respondent has been decided adversely by

what was said in McClenahan v. Oklahoma R. Co., supra, and which we deem it unnecessary to repeat here. The finding of fact of the State Industrial Commission is fully supported by the admissions and stipulation of the parties, and thereunder the commission was fully justified in finding that the claim of the petitioner had been absolutely barred for more than two years prior to the filing of the same with the State Industrial Commission. Under these circumstances the order made by the commission was the only proper order which could have been made. No error of law is shown.

Order sustained.

CORN, V. C. J., and RILEY, BAYLESS, HURST, and DAVISON, JJ., concur.