ROE v. JONES & SPICER, Inc., et al.

No. 32001. March 19, 1946.

*167 P. 2d 70.*

Leo J. Williams, and Claud Briggs, both of Oklahoma City, for petitioner·

Butler & Rinehart, of Oklahoma City, and Randall S. Cobb, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding brought by Cecil E. Roe, hereinafter called petitioner, to review an order denying an award in a proceeding against Jones & Spicer, Inc., and the Casualty Reciprocal Exchange, its insurance carrier. Jones & Spicer, Inc., will be hereinafter referred to as respondent.

On the 25th day of May, 1944, petitioner filed his first notice of injury and claim for compensation stating that he sustained an accidental injury arising out of and in the course of his employment with the respondent on March 2, 1942, when a wrench slipped off a nail causing the petitioner to strike his elbow against a truck. On the 21st day of August, 1944, the trial commissioner found that the claim was not filed within one year and denied an award on this ground. On the 30th day of August, 1944, the order was sustained in a proceeding before the entire commission.

The evidence substantially discloses that petitioner was employed as a truck driver for the respondent; that on said date he was attempting to repair the truck he was driving and while taking a bolt loose the wrench which he was using slipped causing his arm to be injured as above stated. Petitioner testified that he reported the injury to his employer on the date of the accident and was sent to Dr. Lambke, a physician ordinarily employed by the respondent, and that Dr. Lambke examined him, taking X-rays of his arm and suggesting other treatment. He was off work for six or seven days by reason of the accidental injury and afterwards returned to work and stayed with respondent until August, 1943. Thereafter he quit working for respondent and obtained employment with the Douglas Aircraft Company. While employed by them he filed his first notice of injury and claim for compensation May 25, 1944, two years and two months after the accident of March 2, 1942.

As to whether or not a claim has been filed within the statutory period as provided by 85 O. S. 1941 § 43, is a jurisdictional question which will be reviewed independently by this court. McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

We stated in Greer County Gins v. Dunnington, 166 Okla. 302, 27 P. 2d 630, the purpose of notice of injury and claim for the benefits of the act and the limitation on the time within which such notice and claim shall be given is to enable the employer to make inquiry, and to furnish what is required by law and also to protect its interests. The line of cases relied on by claimant beginning with Pine v. State Industrial Commission, 148 Okla. 200, 298 P. 276, and coming to Bartlett-Collins Co. v. Roach, 180 Okla. 521, 71 P. 2d 489, hold that an accidental injury may sometimes be dated more by the time its injurious effects manifest themselves than by the mere date of the accident, and that the payment of compensation or the furnishing of protracted medical attention are a conscious recognition of liability by the

584

employer that tolls the filing period. None of them are authority for the rule that an initial report to the employer and the furnishing by the employer of medical inspection and treatment of the few days period shown here, followed by over two years' silence by the employee, serves to toll the one-year period. Claimant testified that his arm hurt him continuously from the time of the injury, and handicapped him to some extent in his work, but he did not realize until about two years after the date of the injury that he had suffered an injury that was having serious and permanent effects upon him. He cites no law and we know of none that tolls the statute in this instance.

We have held that where an employer has not paid wages in lieu of compensation and has not furnished medical care or attention to an employee for an alleged injury so as to amount to a conscious recognition of liability and the employee has failed for more than one year to file notice of injury and claim for compensation, any claim for compensation thereafter made for such injury is barred by 85 O. S. 1941 § 43. Schuermann v. Hacker Mill & Elevator Co., 189 Okla. 43, 113 P. 2d 389; McClenahan v. Oklahoma Railway Co., 131 Okla. 73, 267 P. 657; Sun Oil Co. v. Barkley, 148 Okla. 208, 298 P. 280; Greenwood v. State Industrial Commission, 178 Okla. 417, 63 P. 2d 92. Eee, also, Crawford v. Magnolia Pet. Co., 188 Okla. 655, 112 P. 2d 367.

We are convinced that the finding of the State Industrial Commission that the petitioner sustained an accidental injury on the 2nd day of March, 1942, that was known to employee is amply supported by the evidence, and that the State Industrial Commission did not err in denying the award for the reason that the claim of the petitioner was not filed within time under 85 O. S. 1941 § 43.

The order denying the award is sustained.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, WELCH, and DAVISON, JJ., concur.