**OKLAHOMA COTTON COOP ASS'N COMPRESS and Farmers Elevator Mutual Insurance Company, Petitioners,**

v.

**Melvin L. THOMAS, Jr., and the State Industrial Court, Respondents.**

No. 48560.

Supreme Court of Oklahoma.

Jan. 25, 1977.

Alex Cheek, Robert L. Roark, Cheek, Cheek & Cheek, Oklahoma City, for petitioners.

Wilbur R. Dean, Oklahoma City, for respondents.

LAVENDER, Vice Chief Justice.

Petitioners, hereafter respondents, have brought this proceeding to review and vacate an order, affirmed on en banc appeal, awarding compensation for permanent partial disability resulting from accidental injury during covered employment.

Claim for compensation, filed March 27, 1974, alleged work related injury on February 26, 1972. Employer's Notice of Injury (Form 2) was filed April 2, 1974, specifying employment, date of injury, hospitalization, and return to work on April 10, 1972. Respondents answered admitting employment, injury, payment of compensation and furnishing of medical treatment during temporary total disability, and denied permanent disability resulted from injury. Respondents specifically alleged claim was barred by statute of limitations, 85 O.S.1971, § 43. Respondents point out the claim was not filed within one year following injury as required by the statute.

At hearing, March 3, 1975, for determination of permanent partial disability, claimant was the only witness. His testimony related injury, emergency treatment, hospitalization for about two weeks, during which respondents' physician (Dr. T.) visited claimant one time prior to release for return to light work after about five weeks. Thereafter, claimant made periodic office calls for treatment, at first on a weekly basis, then at longer intervals, and after release for return to light work on a monthly schedule until June 1973. Claimant returned to work for respondents in May 1972 and continued until laid off in July 1973. During all this time, Dr. T.'s nurse made appointments and administered heat treatments. After returning to work, periodical treatments continued until June 15, 1973, when the nurse advised it was unnecessary to return unless claimant so desired. Claimant would leave work on regular work days for these medical appointments after telling his foreman (Davidson), and did not take off work for any other reason.

Respondents introduced Dr. T.'s final medical report showing injury, six days hospitalization and treatment, and release April 10, 1972, as able to return to work. This report showed the doctor's daily hospital visitation, and weekly office visits after hospital discharge until discharged April 12, 1972. Respondents also introduced letter report dated May 10, 1974, based upon Dr. T.'s review of medical records, which reported claimant was not seen after April 12, 1972.

Because of claimant's testimony relating to treatment period and to respondents' knowledge that claimant left work to procure medical treatment, respondents moved for leave to procure additional evidence bearing upon these matters. Claimant's counsel filed objection asking denial of the motion. Further objection was made upon the ground such evidence would be hearsay, and right to cross examine witnesses whose testimony was to be given expressly was reserved. The trial judge's order sustained respondents' motion for submission of additional evidence and granted eight days time within which to introduce this evidence.

Pursuant to order, respondents offered affidavit of Dr. T.'s office nurse contradicting claimant's testimony as to periodic treatments after April 12, 1972. Also offered was affidavit of foreman (Davidson) in which he denied knowledge claimant took time off for medical treatment during May–June 1973. Claimant's original time clock records for the period were attached, showing claimant did not leave the job during working hours.

An order was entered awarding compensation after specific findings: (1) Claim was filed more than one year following injury, but statute of limitations had been tolled because claimant had been furnished medical treatment within one year prior to

filing claim; (2) respondents could not contend statute was not tolled by filing Form 2 more than one year after injury, because this would reward employer for non-compliance with law; (3) affidavits offered in evidence after hearing were inadmissible because claimant was denied right of cross-examination.

Respondents argue reversible error for the proffered proof by affidavits of Dr. T.'s nurse and claimant's foreman were not allowed into evidence. These affidavits contradicted claimant's testimony as to the last date of medical treatment.

■ Trial court did commit error in the exclusion of the affidavit of Dr. T.'s nurse. The affidavit contains evidence as to the last medical treatment of claimant under Dr. T. for the accidental injury on April 12, 1972. The affidavit contains medical evidence and is under Rule 12. State Industrial Court Rules, 85 O.S.1971, c. 4 Appendix. That rule allows medical evidence by written report, but preserves the right of cross examination. It has been approved as reasonable. *City of McAlester v. Nave, Okl.*, 451 P.2d 681 (1969). Rule 12, supra, requires the initiation of affirmative action by the party seeking the cross examination. *Cook v. State Industrial Court*, Okl., 518 P.2d 311 (1974). Affirmative action on the part of the claimant, by deposition or otherwise, is missing here. Trial court was not correct in refusing introduction of the nurse's affidavit based on denial of cross examination. The respondent was entitled to have that evidence considered and weighed by the trier of the facts in determining the date of last medical treatment. The date determination is important in the consideration of the mixed question of fact and law as to running of the limitation period. § 43. *Munsingwear, Inv. v. Maxine C. Tullis*, Okl., 557 P.2d 899 (1976).

■ Trial court was not in error in the exclusion of the foreman's affidavit. That affidavit sought to establish lack of knowledge by claimant's foreman of claimant's leaving work to receive medical treatments after he was medically released and returned to his job. The fact of lack of such knowledge is not medical evidence and not under Rule 12, supra. That affidavit went further than the respondent's motion for additional evidence and the trial court's order in sustaining that motion. Claimant's time cards would be admissible with the proper foundation as business records. That foundation was lacking. An affidavit is not the proper form of proof for such a foundation in the absence of a stipulation. Refusing admission of the foreman's affidavit based on denial of cross examination was correct.

■ By syllabus in *Munsingwear, Inc., supra*, this court said:

"Statute of limitation issues under 85 O.S.1971, § 43 ordinarily are mixed questions of fact and law. Factual determinations thereunder made by the Industrial Court will not be independently reviewed by this court, if reasonably supported by the evidence. As a conclusion of law, application of this section on limitation issues is reviewable by this court."

In present case, there is a factual dispute as to the date of last medical treatment for the accidental injury. Claimant testified of treatment through Dr. T. as late as May 15, 1973. This is disputed by Dr. T.'s nurse through her affidavit, and by Dr. T.'s final report and subsequent letter. The evidence is contradictory. The trial court is to consider the competent evidence introduced on this issue and to judge that evidence as to weight. Upon making the factual determination, the trial court must make a conclusion of law as to application of § 43 on the limitation issue. This court will not independently review the conflicting evidence and judge as to weight on the fact determination. The application of § 43 is reviewable by this court as a conclusion of law. *Munsingwear, Inc., supra*.

■ The trial court also found, as a matter of law, respondent's filing Employer's Notice of Injury (Form 2) more than a year following injury tolled the statute of limitations. Stated reason was that to hold otherwise, particularly where medical treatment had been furnished, would mean an employer failing compliance with this statu-

tory requirement would be rewarded for non-compliance by finding of non-liability.

Since decision in *McClenahan v. Okla. Ry. Co.*, 131 Okl. 73, 267 P. 657 (1928), the rule has been that an employer's failure to disclose a cause of action exists in favor of an employee, absent actual artifice to prevent knowledge of facts, does not prevent running of statute of limitations. In *Evans v. Tulsa City Lines*, Okl., 290 P.2d 126 (1955), we quoted *Sinclair Prairie Oil Co. v. Newport*, 195 Okl. 521, 159 P.2d 726, as follows:

> "The theory that the statute might have been tolled by reason of the failure of the employer to file a report of the injury has been expressly rejected by this court in *McClenahan v. Oklahoma R. Co.*, 131 Okl. 73, 267 P. 657 and followed in later cases."

Tolling the statute based on the late filing of Form 2, Employers First Notice of Injury, was incorrect and in error.

Award vacated and cause remanded to State Industrial Court for further proceedings in conformity with views expressed.

HODGES, C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and DOOLIN, JJ., concur.

SIMMS, J., concurs in part and dissents in part.