Steve WYMAN, Plaintiff-Appellant,

v.

COMMERCIAL UNION ASSURANCE COMPANY, Defendant-Appellee.

No. 79–2141.

United States Court of Appeals, Tenth Circuit.

Argued May 15, 1981.

Decided Aug. 14, 1981.

Charles E. Payne of Russell, Payne & Farber, Oklahoma City, Okl., for plaintiff-appellant.

Larry D. Ottaway of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for defendant-appellee.

Before DOYLE and McKAY, Circuit Judges, and O'CONNOR,* District Judge.

McKAY, Circuit Judge.

On May 20, 1974, appellant sustained a fractured shoulder on the job. He received medical treatment for the injury, with reimbursement from appellee-insurance company for that treatment, until June 4, 1975. Thereafter, appellant pursued university studies, having no further contact whatever with his employer or appellee-insurance company and making no further related claims whatever during a period of more than two years. On August 23, 1977, appellant returned to the doctor who had rendered the covered medical treatment, obtaining further treatment of the job-sustained injury. After the doctor submitted a statement of professional services to appellee, appellee advised the doctor that the statute of limitations had run as to appellant's injury and therefore that appellee was no longer responsible for appellant's medical treatment.

The Oklahoma Workers' Compensation Court sustained appellee's position that appellant's claim was barred by the applicable one-year statute of limitations. Appellant then filed this diversity action in the district court, alleging that he was entitled to damages based on appellee's breach of its duty as an insurance company to deal fairly and in good faith with its beneficiaries, a breach of duty that injured appellant. The district court held that appellant had failed to state a claim upon which relief could be granted, that the uncontroverted facts showed that defendant was entitled to a judgment as a matter of law, and that, in any event, the findings of the Workers' Compensation Court were res judicata as to appellant's claim.

It is undisputed that appellant filed no proof of a valid claim within the period specified by the statute of limitations. Appellant contends, however, that appellee-insurance company breached its duty as an insurance company to deal fairly and in good faith with its beneficiaries by failing to notify him of the statute of limitations in time for him to avoid that defense, thereby tolling that statute before it had run.[1] It is clear that under Oklahoma law an insurance company has the following duty to deal fairly and in good faith with its beneficiaries:

> The obligation of an insurance company, such as appellee, on a disability policy is not for the payment of money only, it is the obligation to pay the policy amount immediately upon receipt of proper proof of loss or to defend in good faith and to deal fairly with its insured.

*Christian v. American Home Assurance Company*, 577 P.2d 899, 904 (Okla.1978). The rationale for *this* duty, however, in no way supports the duty-to-notify theory for which appellant here argues. The *Christian* duty is based on the crucial facts in that case that the insurance company refused to pay a claim filed by the beneficiary of one

---

* Of the United States District Court for the District of Kansas, sitting by designation.

1. The statute of limitations applicable to workers' compensation claims in Oklahoma provides in pertinent part:

The right to claim compensation under the Workers' Compensation Act shall be forever barred unless, within one (1) year after the injury or death, a claim for compensation thereunder is filed with the Administrator. Provided, however, claims may be filed at any time within one (1) year from the date of last payment of any compensation or remuneration paid in lieu of compensation or within one (1) year from last authorized medical treatment.

Okla.Stat.Ann. tit. 85, § 43.

of the company's policies, and that "it became apparent during the trial [on that claim] that [the insurance company] did not have, and had never had, a defense to [the insured's] claim." *Id.* at 900. Appellant does not contend that his insurance company had no colorable legal defense to his claim and still refused to make any payment, as it is abundantly clear that appellee's statute of limitations defense here is at least colorable, if not dispositive. Rather, appellant's claim is that the insurance company had an affirmative duty not just to pay claims owing or to defend on colorable legal grounds, but also to inform appellant about the operable statute of limitations, which it did not do.

Appellant's contention also lacks any support in other case authority. Not only does *Christian* itself not remotely suggest that such a duty to inform exists, appellant has cited no case explicitly finding there to be such a duty. He merely asserts that such a duty exists, citing cases which have only the vaguest and most general relevance to this case. Moreover, he has failed to distinguish case authority indicating that an insurance company has no such duty. The highest court of the state to whose law we must look for authority in this diversity case recently reaffirmed its long-standing rule "that an employer's failure to disclose [that] a cause of action exists in favor of an employee, absent actual artifice to prevent knowledge of facts, does not prevent [the] running of [the] statute of limitations." *Oklahoma Cotton Coop Association Compress v. Thomas,* 560 P.2d 562, 566 (Okla. 1977) (citing *McClenahan v. Oklahoma Railway,* 131 Okla. 73, 267 P.2d 657 (1928)).

Finally, appellant's contention lacks any support in statutory authority. In *Christian,* for example, the duty imposed upon the insurance company was grounded in express statutory language, which states, "[i]ndemnities payable under this policy for any loss ... *will be paid immediately upon receipt of due written proof of such loss.*" Okla.Stat.Ann. tit. 36, § 4405.A.8 (emphasis added). *See also Christian v. American Home Assurance Company,* 577 P.2d at 903–04. In contrast to the theory in *Chris-*

*tian,* appellant's theory has not been shown to have any statutory support, and our reading of the applicable statute and the cases that interpret it strongly suggest that appellant's theory is insupportable. Explicit statutory language creating narrow exceptions to the statute of limitations at issue here implies rather strongly that the legislature has engaged in a careful and complete balancing of the competing interests and has decided not to allow persons in appellant's shoes to make claims beyond the time periods specified in the limitations statute:

> No limitation of time provided in this act shall run as against any person who is mentally incompetent or a minor defendant so long as he has no committee, guardian or next friend.

Okla.Stat.Ann. tit. 85, § 106. In view of this language, a unanimous Supreme Court of Oklahoma concluded in a case similar to appellant's:

> Claimant does not fall within the purview of [§ 106]. This Court may not construe said statute to include those persons who had knowledge they sustained an accidental injury but had no knowledge that such injury was compensable unless they come within the purview of the statute. We therefore hold that claimant's lack of knowledge that she had a compensable injury under the Workmen's Compensation Law does not prevent the statute of limitations from running.

*Cinderella Motor Hotel, Inc. v. Wallace,* 506 P.2d 556, 558 (Okla.1973).

Here, appellant has made no statutory argument for the proposition that a claimant's lack of knowledge of the statute of limitations may prevent that statute from running. While it may be true that appellant would have been able to make his later claims within one year after his last authorized medical treatment if only he had been informed as to the statute of limitations, we are left to conclude that appellant's claim is precisely the kind of claim that the legislature intended to cut off under these circum-

stances. In sum, we hold that appellee was entitled to a judgment as a matter of law.

AFFIRMED.