THOMAS PRICE v. KANSAS CITY PUBLIC SERVICE COMPANY, a Corporation, Appellant.—50 S. W. (2d) 1047.

Division Two, June 10, 1932.

*Charles L. Carr, W. A. Kitchen* and *E. E. Ball* for appellant.

707

*Kaelin, Smith & Thomas* for respondent.

FITZSIMMONS, C.—Appellant employer appealed from a judgment of the Jackson County Circuit Court affirming an award by the Missouri Compensation Commission in favor of respondent employee in the sum of $599.50 for medical aid and partial disability. The Kansas City Court of Appeals, in an opinion rendered May 4, 1931, and reported in 42 S. W. (2d) 51, reversed the judgment of the trial court for the reason that respondent did not file a claim with the Compensation Commission within six months after the injury as is required by Section 39 of the Workmen's Compensation Act (Laws 1925, p. 375), now Section 3337, Revised Statutes 1929. But the Kansas City Court of Appeals, deeming its opinion to be in conflict with the opinion of the St. Louis Court of Appeals in Schrabauer v. Schneider Engraving Product, Inc., 25 S. W. (2d) 529, certified the cause to this court. The point of conflict between the opinions of the appellate courts is that the Kansas City Court of Appeals in the instant case held that the failure of the employer to give the notice and to make the report of the Workmen's Compensation Commission of the accident to respondent, provided by Section 34 of the Compensation Act (Sec. 3332, R. S. 1929), did not toll the six months Statute of Limitations (Sec. 3337, R. S. 1929). The St. Louis Court of Appeals, in the Schrabauer case (supra), decided March 11, 1930, held that the failure of the employer to report to the Commission the accident to the employee postponed the running against the employee of the six months Statute of Limitation, upon the ground that such failure of the employer to report was an "improper act" within the

meaning of Section 1334, Revised Statutes 1919, now Section 879, Revised Statutes 1929.

Respondent was injured February 15, 1927, while he was working with his team for appellant at a rock crusher in Kansas City. He was ordered to haul a concrete mixer from one spot to another. He hitched the team to the mixer and then he climbed upon it. Before starting he scrambled down from the mixer to adjust the harness. In so doing he took hold of the chute handle, used to release the concrete from the mixer. The handle tripped and respondent fell upon the handle, and thereby received an injury in the groin which caused a rupture, or hernia. Respondent worked the rest of the day and until August 6, 1927, when he was discharged for lack of further work to do. He did not file a claim with the Workmen's Compensation Commission until December 13, 1927, which was two days short of ten months after the injury was received.

Division Number Two of this court, in the case of Wheeler v. Missouri Pacific Ry. Co., 328 Mo. 888, 42 S. W. (2d) 579, decided October 1, 1931, subsequent to the decision of the Kansas City Court of Appeals in the instant case, passed upon and settled the same conflict between the opinion of the Kansas City Court of Appeals in the Wheeler case and the opinion of the St. Louis Court of Appeals in the Schrabauer case. We held in the Wheeler case, 328 Mo. 888, 42 S. W. (2d) 579, l. c. 584: "We therefore rule that the Kansas City Court of Appeals was correct in holding that the mere failure to report an accident by the employer does not toll the Statute of Limitations. The holding of the St. Louis Court of Appeals to the contrary is incorrect and should not be followed." Division Number One of this court, in the case of Higgins v. Heine Boiler Company, 328 Mo. 493, 41 S. W. (2d) 565, which was a direct appeal and was decided May 21, 1931, subsequent to the opinion of the Kansas City Court of Appeals in the instant case, ruled the question of the postponement of the period of limitations under the Workmen's Compensation Act for failure of the employer to notify the Commission precisely as Division Number Two in the Wheeler case later settled the conflict of opinions between the courts of appeals. The opinion of Division Number One in the Higgins case and of Division Number Two in the Wheeler case exhaustively and learnedly examined, discussed and settled the question of limitation which the instant case again presents. Therefore we need not say more than that, as we ruled the conflict of opinions in the Wheeler case, so we rule here. The Kansas City Court of Appeals was correct in its opinion and decision in this case.

The Kansas City Court of Appeals in its opinion (42 S. W. (2d) 51) disposed of several other assignments of error. One of these assignments, which the appellate court ruled against appellant, we

are asked to pass upon. The point raised is thus stated: Respondent employee's failure to serve appellant employer with written notice as required by Section 38 of the Workmen's Compensation Act (Sec. 3336, R. S. 1929) deprived the Commission of jurisdiction to entertain the proceeding. Since the Commission was without jurisdiction on appeal the circuit court acquired no jurisdiction, and therefore appellant's motion to dismiss, filed in the circuit court should have been sustained.

Decision of this assignment of error is not necessary to the disposition of this case. We have already ruled that respondent's cause of action is barred by the Statute of Limitations applicable to proceedings before the Missouri Workmen's Commission. We therefore decline to do more than to decide this case upon the question of conflict of opinions between the Kansas City Court of Appeals and the St. Louis Court of Appeals.

It is ordered that the judgment of the Circuit Court of Jackson County affirming the award of the Compensation Commission be and it is hereby reversed. *Cooley* and *Westhues, CC.,* concur.

PER CURIAM:—The foregoing opinion by FITZSIMMONS, C, is adopted as the opinion of the court. All of the judges concur.