HAYES BLAKELEY *v.* COMPENSATION COMMISSIONER *et al.*

(No. 9265)

Submitted January 20, 1942. Decided February 17, 1942.

48

*James G. Jeter, Jr.,* for appellant.

KENNA, JUDGE:

Hayes Blakeley, an employee of American Eagle Colliery, was injured in that company's Colored Camp at Ameagle on November 27, 1939. On August 30, 1940, nine months and three days after the injury occurred, the employer filed its written report in the office of the Compensation Commissioner, and on January 16, 1941, thirteen months and nineteen days after the date of the injury Blakeley applied for compensation. His claim was rejected by the Commissioner on May 13, 1941, after the matter had been heard, the reason being "that although the employer's report of injury was not filed within a period of six months after the date of the injury, as provided by Statute, but was filed within a period of twelve months, the claimant's application for compensation was not filed within twelve months from and after the date of the injury, which is provided by the said Statute; * * *." The Compensation Appeal Board having affirmed the Commissioner's finding, its order reciting that "it appearing that the employer filed its report of injury within nine months after the accident," this Court granted a review in order, if possible, to settle the meaning of the applicable provisions of Code, 23-4-15, as amended by Acts 1939, Chapter 137, Article 4, Section 15, which is the controlling section of the Workmen's Compensation Act.

Before the Commissioner the applicant took the position, which was not denied, that the employer had withheld its report of the injury to the Commissioner with full knowledge of its occurrence dating from the happening. It is agreed that the failure of the employer to report the injury within six months extended the time during which an application for compensation could be received to twelve months from the date of injury, but both the Commissioner and the Appeal Board were apparently of the opinion that the report of the employer made within the period of twelve months would prevent the operating effect of the proviso extending the time for the claimant to apply beyond the twelve-months period when the employer was shown by the applicant to have withheld his report until after the expiration of six months with knowledge that the injury had taken place. We are under the impression that this is attaching a consequence to the employer's known failure to perform a statutory duty that the legislature plainly did not intend.

As much of Code, 23-4-15, as is pertinent reads as follows:

"To entitle any employee or dependent of a deceased employee to compensation under this chapter, the application therefor must be made on a form or forms prescribed by the commissioner and filed in the office of the commissioner within six months from and after the date of injury or death, as the case may be, and all proofs of dependency in fatal cases must be filed with the commissioner within nine months from and after the date of death: Provided, that in case an employer fails to report an injury within six months from and after the date such injury is received, the commissioner shall accept the application for compensation filed by the employee after the expiration of six months but within twelve months from the date of such injury: Provided further, that if such employee shows by competent evidence that the employer had knowledge of such injury and failed to file a report thereof, then such employee shall have an additional year within which to file his application for compensation, and the commissioner shall re-

ceive such application so filed by such employee, and award compensation to any employee who would have been so entitled had the injury been reported and application filed within the prescribed period of six months. * * *."

Dealing first with the employer's report of claimant's injury, it will be noted that the first proviso is based upon the assumption that it is the duty of the employer to report the injury to the Compensation Commissioner within six months after it took place, and that the employer's failure of performance results in extending the time for receiving an application from the claimant from six to twelve months. In speaking of the report by the employer it is referred to as a paper to be filed with the Compensation Commissioner within six months from the date of the employee's injury, and the period within which it is required to be filed is not varied nor extended, but to the contrary, is referred to at the end of the quoted part as "the prescribed period of six months."

There seems to be no difference of opinion as to the meaning to be attached to the first proviso and to the fact that the employer's failure to report within the six months period has the effect of extending the claimant's time for filing a claim to twelve months.

The first question to be dealt with is: What is the effect of lodging a report in the Commissioner's office after knowingly withholding the fact of injury from the Commissioner during the prescribed period of six months?

As we have already said, the statute speaks of the report of the employer as a paper to be filed within six months from the date of injury. The statute nowhere mentions it as being effective in any manner after the expiration of six months from that date. If not filed within that period, the time for the filing of an application is to be extended to twelve months from the date of the injury in any event and, in the event the employee shows by "competent evidence" that the employer had knowledge of the injury and with that knowledge failed to file the report thereof, the employee's time is extended for an additional year.

Under the statute, in order to have any legal effect whatever, the employer's report must be filed in the office of the Compensation Commissioner within six months of the date of injury. If filed later, although it may be helpful and of practical use, it cannot be regarded as a report within the meaning of the section under consideration. The employer having failed to file a report of the injury with the commissioner within six months, we are of the opinion that the second proviso of section fifteen took effect, and that under its provisions the application of the claimant here should have been received and considered upon its merits by the Compensation Commissioner.

But does the second proviso of the section under consideration add an additional year to the basic limitation period of six months, or does it add an additional year to the extension of twelve months under the terms of the first proviso? The terms of the statute are rather uncertain as to that question, but we feel impelled to say that both provisos are in the nature of limitations of restrictions imposed upon the employee, and are therefore to be liberally construed. The first proviso rests upon the lethargic failure of the employer to obtain actual information of events, the knowledge of which the employer may be said to be constructively charged with; and the second, upon the gross failure to make proper use of information at hand. The phrase "an additional year" contained in the second proviso, following the first, under the terms of which the claimant's time for filing a claim has already been extended to twelve months, has two possible periods to which it could relate: the first, the six-months period mentioned in the body of the section, and the second, the one-year period covered by the first proviso. Under our holding, the groundwork for bringing both of the provisos into play is the same: the employer's failure to report the injury during the initial period of six months; the effect of the second proviso depends upon the failure to report as provided for in the first proviso, under the terms of which the result of such failure is to extend the applicant's time to twelve months or one year. To our

minds, it is quite apparent that the second proviso is based upon the terms and conditions named in the first proviso, and that the additional year is provided for upon the assumption that a one year period has already been created by the employer's failure to report. The failure to report falls first into the class of a simple failure, and afterwards, upon a proper showing, into the class of intentional failure. We believe it was the legislative intent to apply the two provisos successively, although, of course, their operation may be justified by a single showing.

Although there was no appearance for the Appeal Board by the Attorney General's office (Code, 23-5-3), and none for the employer, we realize that under the power conferred upon him by Code, 23-1-15, the Commissioner has promulgated certain rules of procedure of which subsection (A) of Rule 10 is a part. So far as the rule referred to deals with the matter of the time within which the employer may file a valid report, that being a matter embraced within the statute itself, we are inclined to the view that the rule would necessarily give way, but that question being not now before us, the rule not appearing of record, we do not pass upon that phase of this case.

*Reversed and remanded.*

Fox, PRESIDENT, concurring in the result:

This being a case where the employer, with knowledge of the injury to the employee, failed to file a report thereof within six months, I concur in the result, and in the opinion so far as it refers to the situation presented herein. However, I do not believe that the decision herein should apply to or cover a case where an employer, without knowledge of an injury within the six months period, for that reason fails to report the same within such period, but who, on thereafter obtaining information thereof, within the succeeding six months, files a report within that time. In such case, I think the employee is required to file his application within twelve months

from the date of his injury. The statement in the opinion that "Under the statute, in order to have any legal effect whatever, the employer's report must be filed in the office of the Compensation Commissioner within six months of the date of injury" seems to me to be too broad. Its application might serve to penalize an employer who, by reason of lack of knowledge of an injury, was without fault, by allowing the presentation of a claim against him within two years from the date of an injury. I think that a report filed on obtaining information of any injury within the second six months period should be given some effect.

LOVINS, JUDGE, concurring:

I concur in the foregoing opinion except the part thereof which states that a claimant of Workmen's Compensation benefits has two years under the second proviso of the statute under consideration in which to file his application.

The function of a proviso in a statute is to restrain, qualify, or create an exception to a general statement which usually precedes it. Lewis' Sutherland, Statutory Construction, 2d Ed., Sec. 352. Legislative intent and purpose, as evidenced by an enactment, control, and the position of the proviso therein gives way to that principle. *McDonald* v. *United States,* 279 U. S. 12, 49 Sup. Ct. 218, 73 L. Ed. 582; Crawford, Statutory Construction, page 606. It is apparent that the legislative intent and purpose in enacting the statute here under consideration was to fix a basic time limitation for filing an application thereunder. As shown by Section 15, Article 4, Chapter 137, Acts 1939, this limitation is six months. Since this is the purpose and intent of the legislature and the limitation is as herein stated, it seems to me that the phrase "additional year", appearing in the second proviso, relates to the expiration of six months rather than the expiration of the twelve months' period. And, therefore, eighteen months is the limit in which a claimant for Workmen's Compensation could file his application therefor in any event. With the exception herein noted, I am in accord with the other statements contained in the opinion.