Leo E. DeROUSSE, Respondent,

v.

PPG INDUSTRIES, INC., Appellant.

No. 61503.

Supreme Court of Missouri,
En Banc.

March 11, 1980.

Respondent's Rehearing Denied
April 8, 1980.

Intervenor Attorney General and Missouri
Association of Trial Lawyer Rehearings
Denied May 13, 1980.

R. A. Wegmann, Dennis H. Tesreau, Richeson, Roberts, Wegmann, Gasaway, Stewart & Schneider, P. C., Hillsboro, for appellant.

Robert J. Robinson, Pannell, Dodson & Robinson, Festus, for respondent.

WELLIVER, Judge.

Appellant, PPG Industries, Inc., appeals from a judgment of the Circuit Court of Jefferson County affirming an award made in favor of respondent, Leo E. DeRousse, by the Labor and Industrial Relations Commission on a workmen's compensation claim.

The commission adopted the findings and conclusions of the referee, who had awarded respondent $2,820 for a fifteen percent disability caused by an injury to his lower back sustained in the course of his employment at the PPG plant in Jefferson County. The case was transferred after opinion from the Court of Appeals, Eastern District, and we decide it as though on original appeal. Mo.Const. art. V, § 10. The case raises the question whether the employer's failure to file the report of injury required by § 287.380, RSMo 1978, operates to toll the running of the one year limitations period on workmen's compensation claims provided in § 287.430, RSMo 1978. We hold that such failure does not toll the running of the limitations period, and reverse.

Respondent filed his claim for compensation with the commission on October 25, 1974. The claimed injury is alleged to have resulted from an accident that occurred on April 30, 1966. Respondent alleges that he fell from the machine on which he was working onto the concrete floor below; that he landed on his buttocks and fell backwards, striking his elbow and head on the floor; and that he temporarily lost consciousness.

The record reflects that after respondent regained consciousness, he was sent by his foreman to the company clinic on appellant's premises. It was PPG policy that injured employees were first seen by a nurse. Unless the injury was severe enough to warrant referral to the company doctor for examination and treatment, the nurse would treat the injury. The nurse did not refer respondent to the doctor. The nurse bandaged respondent's elbow and applied a heating pad to his back for approximately thirty minutes. Respondent then returned to work and finished his shift in spite of a "throbbing, continued pain." Although company records do not show that respondent returned to the company clinic for further treatment of this injury, respondent testified that he returned for the heat treatment after his normal working hours two or three times over the next week. During the next two weeks, respondent applied a heating pad to his back at home.

With this treatment, the back felt "a little better," but continued to bother him, especially at night. The pain was most severe in the first six months, but it persisted "off and on" from the time of the accident through the hearing before the referee, more than ten years later. It was described by claimant as a dull, throbbing ache, "a gradual gnawing that lets you know it's there, never lets up." Respondent complained that his back bothered him when he sat still, even at the time of the hearing. The injury hindered respondent's performance of certain tasks at work, and he often expressed his discomfort to his fellow workers, especially during the first six months following the accident.

Over the years, respondent consulted his personal physician, Dr. Mayfield, a "number of times" in reference to the back problem. The physician took no x-rays and merely prescribed muscle relaxants. Finally, in 1974, respondent began to notice a numbness in his arms and legs and consulted another physician, a Dr. Blair. Blair concluded from x-rays that respondent had suffered a fractured vertebra and prescribed a back brace. The back brace partially relieved the numbness in respondent's extremities. Respondent continued to wear the brace through the time of the hearing. In August, 1974, at the request of the supervisor of safety at appellant's plant, the company physician examined respondent and ordered that x-rays of his back be taken; no treatment of any kind was provided during this visit. On October 25, 1974, nearly eight and a half years after the accident, respondent first filed a claim for compensation with the commission.

Respondent contends that his claim, though filed eight and one-half years after the accident, was timely. Although the Workmen's Compensation Law provides that unless a claim for compensation is filed with the Division of Workmen's Compensation of the Labor and Industrial Relations Commission within one year of the injury no proceedings shall be maintained, § 287.-430, RSMo 1978, the referee, the commission, the circuit court, and the court of appeals each found that this statute of limitations was tolled by the appellant-employer's failure to file the report of injury with the division, as required by § 287.380, RSMo 1978. We cannot agree.

The limitations provision in question provides that:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within one year after the injury or death, or in case payments have been made on account of the injury or death, within one year from the date of the last payment, or in cases where the employee has filed the notice required by section 287.420, the claim may be filed within one year after the filing by the employer of the report of injury or death as required by section 287.380. The filing of any form, report, receipt, or agreement, other than a claim for compensation, shall not toll the running of the one year period provided in this section. In all other respects the limitations shall be governed by the law of civil actions other than for the recovery of real property but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity.

§ 287.430, RSMo 1978.[1] Section 287.380, RSMo 1978, provides that the "employer . . . shall within ten days after knowledge of an accident resulting in personal injury to an employee, notify the division thereof, and shall within one month, file . . . a full and complete report of every injury or death to any employee for which the employer would be liable to fur-

---

1. Though the years § 287.430 has undergone three changes. In 1941, the legislature extended the time for filing the claim from six months to one year. Laws of Mo.1941, p. 718. In 1947, § 287.430 was again amended by inserting the second sentence of that section: "The filing of any form, report, receipt, or agree-

ment, other than a claim for compensation, shall not toll the running of the one year period herein provided." Laws of Mo.1947, Vol. 2, p. 448. The most recent amendment was made in 1965, when the legislature added the third clause of the first sentence of § 287.430. Laws of Mo.1965, pp. 397, 419.

nish medical aid or compensation hereunder." The penalty for violation of this provision is prescribed as "a fine of not less than fifty nor more than five hundred dollars, or . . . imprisonment in the county jail for not less than one week nor more than one year, or . . . both the fine and imprisonment." § 287.380.4, RSMo 1978.

The first Missouri case to construe the limitations sections of Missouri's Workmen's Compensation Law of 1927 adopted the rule urged by respondent in this case that the statute of limitations is tolled by the employer's failure to file a report of injury. *Schrabauer v. Schneider Engraving Product Co.*, 224 Mo.App. 304, 25 S.W.2d 529 (1930). On August 3, 1927, Anton Schrabauer dropped a wrench weighing three or four pounds on his left foot and fractured a toe. In November of 1927, Schrabauer's private physician took an x-ray of the foot, which disclosed that the bone had been broken. The employer reported the accident to the commission on February 8, 1928, and Schrabauer filed his claim for compensation two days later. At that time, the limitations period was only six months. § 39, Workmen's Compensation Law, Laws of Mo.1927, p. 511; § 3337, RSMo 1929. Consequently, unless the limitations period was tolled, Schrabauer's claim was not timely filed. The Court of Appeals, Eastern District, upheld an award in the employee's favor, reasoning that the failure of the employer to notify the commission of the employee's accident was an improper act in the nature of a fraud, which operates to toll the running of the limitations period on workmen's compensation claims.

The analysis in *Schrabauer* involves several steps. The Court relied on the last sentence of the limitations section, which provides that the limitations shall be governed by the law of civil actions "in all other respects," and applied the tolling provisions of the general statutes of limitations. 224 Mo.App. at 313–14, 25 S.W.2d at 533–34. The relevant tolling section of the general limitations statutes provides that "[i]f any person, by absconding or concealing himself, or by any other improper act, prevent [sic] the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented." § 516.280, RSMo 1978; § 879, RSMo 1929; § 1334, RSMo 1919. The Court acknowledged that the words "improper act" as used in this section had been construed to mean an act "in the nature of a fraud that will prevent the commencement of the action," 224 Mo.App. at 314–315, 25 S.W.2d at 533, but held that since the employer had a duty to report the injury, "required of it by a section of the same act on which it now relies to defeat the claim, the running of the period of limitation was stayed from the time it became in default until the time it gave notice to the commission." 224 Mo.App. at 316, 25 S.W.2d at 534. The Court relied on the principle that "mere silence alone will be held to be a fraud where the circumstances are such as to impose a duty upon one to speak, and he deliberately remains silent," citing 26 C.J. 1071.[2]

The Court of Appeals, Western District, rejected the reasoning of *Schrabauer* in a

---

2. The Court in *Schrabauer* reasoned from the legislative purpose in creating the Workmen's Compensation Law, as follows:

It is common knowledge that the intention was to dispense with the services of the members of our own profession to the fullest extent possible, and to make available to the injured employee an easy and certain means of obtaining compensation; and in the passage of the act, the Legislature must have been fully appreciative of the fact that a large percentage of the workmen coming within its provisions would be, not only ignorant of their rights thereunder, but in many instances so handicapped by lack of education or by unacquaintance with our language as to be helpless in the matter of securing relief.

In requiring the employer to give prompt notice to the commission of an accident coming to his notice, the Legislature undoubtedly intended to counteract this very evil. In fact it was so insistent upon having the employer give notice to the commission that it made him guilty of a misdemeanor if he failed to comply with his duty in that regard. It further made it the duty of the commission, upon receipt of notice from the employee, to send blanks, both to the employer and to the employee, and, in the case of a dispute arising between the two as to the merits of the

decision announced in the same year that *Schrabauer* was decided. *Wheeler v. Missouri Pacific Railroad*, 33 S.W.2d 179 (Mo. App.1930). The western district court could not agree that the employer's failure to file a report of injury, without more, constitutes fraud. While deliberate silence may be a fraud where there is a duty to speak, "there must be a deliberate suppression of the truth and an intention to deceive." *Id.* at 183. Because of the conflict between the two districts, the cause was transferred to this Court. *Wheeler v. Missouri Pacific Railroad*, 328 Mo. 888, 42 S.W.2d 579 (1931).

Before this Court decided *Wheeler*, the holding of *Schrabauer* was examined and criticized in *Higgins v. Heine Boiler Co.*, 328 Mo. 493, 507–08, 41 S.E.2d 565, 572–75 (1931). In *Higgins*, the claimant was the widow of Patrick J. Higgins, who, on April 11, 1927, while installing boilers at a municipal water works in St. Louis, fell twenty-five feet from a scaffolding and sustained fatal injuries. The subcontractor who employed Higgins reported the accident to the compensation commission on April 25, 1927; the prime contractor did not report the accident. The claim for compensation was filed on November 11, 1927. The Court questioned the reasoning of *Schrabauer*:

[H]ad the Legislature intended that a failure on the part of an employer to notify the Compensation Commission of an accident and injury should stay or toll the running of the period of limitation prescribed by section 39 of the Compensation Act [§ 287.430, RSMo 1978], the Leg-

islature would have adopted the simple, certain, and easy method of directly incorporating such provision in the Compensation Act . . . . .

328 Mo. at 510, 41 S.W.2d at 573. The Court quoted *McClenahan v. Railway Co.*, 131 Okl. 73, 267 P. 657, 658 (1928), in which the Supreme Court of Oklahoma held that the employer's failure to file an injury report does not toll the running of the workmen's compensation limitations period under Oklahoma statutes. "The mere failure to disclose that a cause of action exists is not sufficient to prevent the running of the statute. There must be something more; some actual artifice to prevent knowledge of the facts; some affirmative act of concealment or some misrepresentation to exclude suspicion and prevent inquiry." 131 Okl. at 75, 267 P. at 658; 328 Mo. at 511, 41 S.W.2d at 574.[3] The Court in *Higgins* found "nothing in the nature of a fraud" in the employer's conduct, and thus found that the employer's failure to file an injury report with the commission was not an "improper act" within the meaning of § 1334, RSMo 1919 (§ 516.280, RSMo 1978).

*Schrabauer* was finally overruled by *Wheeler v. Missouri Pacific Railroad*, 328 Mo. 888, 896–898, 42 S.W.2d 579, 582–84 (1931). The claimant in *Wheeler* sustained an injury to his right eye on March 30, 1927, when he was driving a spike into a railroad tie. The resulting impairment in the claimant's vision progressed until he was totally blind in his right eye on December 15, 1928.[4]

---

claim, to assist the employee in filing his claim, and in securing an early adjudication thereof.

If sections 34 to 36 [§§ 287.380 to 287.400], inclusive, are not to be wiped out of the act for all practical purposes, and their beneficial effect destroyed, then we must hold that the failure of the employer to give notice to the commission, as required by section 34, is such an improper act as under section 1334 to toll the running of the statute.

*Id.* 25 S.W.2d at 533–34.

3. The Oklahoma courts continue to adhere to the rule stated in *McClenahan Smedley v. State Industrial Court*, 562 P.2d 847, 851 (Okl.1977); *Oklahoma Cotton Coop Ass'n Compress v. Thomas*, 560 P.2d 562, 566 (Okl.1977); *Evans v. Tulsa City Lines*, 290 P.2d 126, 127 (Okl.

1955). Missouri continues to construe the tolling provision in § 516.280, RSMo 1978, to require a showing of fraudulent intent. *Kauchick v. Williams*, 435 S.W.2d 342, 348 (Mo. banc 1968); *Smile v. Lawson*, 435 S.W.2d 325, 328 (Mo. banc 1968).

4. *Wheeler* involved an initial temporary total disability and a subsequent claim for a scheduled permanent injury (loss of sight in one eye). The opinion in *Wheeler* adopted the "nonseparability rule" for such cases: if several different kinds of injury arise out of a single accident but become "compensable injuries" at different times, and any such claim is precluded by the statute of limitations, then all such claims are precluded. *See* Kelley, Statutes of Limitations in the Era of Compensation Systems: Work-

The claimant filed his claim for compensation on April 20, 1929. The employer did not file a report of the injury with the commission. 328 Mo. at 891, 42 S.W.2d at 580. The Court found that the claim was not timely, and reversed the circuit court's judgment in favor of the claimant. 328 Mo. at 898, 42 S.W.2d at 584. The Court summarized the discussion of the tolling issue in *Higgins*, and approved its conclusion that the employer's failure to report an accident "was not such an improper act as to toll the running of the limitation period." 328 Mo. at 897, 42 S.W.2d at 583. The Court added that the words "improper act" in § 1334, RSMo 1919 (§ 516.280, RSMo 1978) had been construed to mean "some act on the part of the defendant that would hinder or delay the commencement of a suit, the service of process or some necessary step in relation thereto." *Id.* The Court stated:

> The failure to report an accident, by the employer, in no way prevents the injured employee from filing a claim for his injuries with the commission. The filing of a claim or a hearing thereon, by the commission, is in no way dependent upon the filing of a report of the accident by the employer. Therefore, if we are to hold, which is not now necessary, that section 1334 [, RSMo 1919, § 516.280, RSMo 1978] is a part of the Compensation Act, yet, in view of the construction universally placed on the phrase "improper act" by this court, we must conclude that the Legislature, having that construction in mind, did not intend that a mere failure to report an accident, by the employer, as required by section 34 [§ 287.380, RSMo 1978], would toll the statute of limitations contained in section 39 [§ 287.430, RSMo 1978].

*Id.* The Court examined the authorities cited in *Schrabauer* for finding that silence may constitute fraud, and found them inapplicable to the employer's mere failure to file a report of injury. A person's silence amounts to fraud only when circumstances impose a duty on him to disclose to another all material facts "known to him and not known to the other" and he remains silent in violation of this duty "with intent to deceive." *Id.* The Court held that Wheeler had not proved that his employer intended to deceive him, or had any knowledge of the accident that Wheeler did not have. The Court concluded:

> One purpose of limitation statutes is to prevent the filing of fictitious claims at a late date when investigation as to their genuineness has been rendered difficult by lapse of time. This purpose would be defeated entirely if a plaintiff were permitted to escape the limitation period by pleading that the alleged accident had not been reported by the employer. Such a rule would open the door to the filing of fraudulent fictitious claims to which the limitation statutes have always been a bar. We therefore rule that the Kansas City Court of Appeals was correct in holding that the mere failure to report an accident by the employer does not toll the statute of limitations. The holding of the St. Louis Court of Appeals to the contrary is incorrect and should not be followed.

328 Mo. at 898, 42 S.W.2d at 583–84.

The question whether the employer's failure to file a report of injury operated to toll the limitations period provided for workmen's compensation claims was again presented to this Court less than a year after *Wheeler* was decided, in *Price v. Kansas City Public Service Co.*, 330 Mo. 706, 50 S.W.2d 1047 (1932). In *Price*, the employee was injured February 15, 1927, but did not file a claim for compensation until December 13, 1927, nearly ten months later. The Court stated:

> The opinion of Division No. 1 in the Higgins Case and of Division No. 2 in the Wheeler Case exhaustively and learnedly examined, discussed, and settled the question of limitation which the instant case

---

men's Compensation Limitations Provisions for Accidental Injury Claims, 1974 Wash.U.L.Q. 541, 582–91 (1974). The issue of separability of multiple compensable injuries is not in-

volved in the instant case, because the back injury for which respondent claims permanent partial disability first became compensable, if at all, in 1966.

again presents. Therefore we need not say more than that, as we ruled the conflict of opinions in the Wheeler Case, so we rule here.

330 Mo. at 708, 50 S.W.2d at 1048. Finally, nearly two decades later this Court reaffirmed its rejection of the view that the employer's failure to file a report of injury tolls the statute of limitations, in *Farrar v. St. Louis-San Francisco Railway*, 361 Mo. 408, 235 S.W.2d 391 (1950). In *Farrar*, the Court remanded a personal injury case to the trial court with directions to enter judgment for the defendant on the ground that the suit was barred by the statute of limitations. *Farrar* summarily dismissed the plaintiff's reliance on *Schrabauer v. Schneider Engraving Product Co., supra:* "The holding in the Schrabauer case concerning the statute of limitations was overruled in a number of subsequent cases." 361 Mo. at 414, 235 S.W.2d at 394–95, citing *Armstrong v. Union Electric Light & Power Co.*, 60 S.W.2d 1013, 1014 (Mo.App.1933).

The above discussion demonstrates that, although this Court sitting en banc has never ruled on the issue, on four different occasions, once in Division 1 and three times in Division 2, the Court has considered and rejected the contention that the employer's failure to file the report of injury required by § 287.380, RSMo 1978, tolls the running of the limitations period prescribed in § 287.430, RSMo 1978.[5]

In 1965, the General Assembly repealed thirty-three sections of the Workmen's Compensation Law, including §§ 287.380, 287.420 and 287.430, and re-enacted thirty-three new sections on the same subject. Sections 287.380 and 287.420 were re-enacted without substantial change. Section 287.430 was changed by the addition of the third clause of the first sentence of that section:

or in cases where the employee has filed the notice required by section 287.420, the claim may be filed within one year after the filing by the employer of the report of injury or death as required by section 287.380.

Laws of Mo.1965, pp. 397, 419. This clause clearly gives the claimant one year after the employer files a report of injury in which to file a claim—just as he is granted one year in which to file his claim after the last payment made on account of the injury or death.

Does this same provision toll the running of the statute of limitations when no report of injury is filed? The clause in question does not in express terms toll the limitations period when the employer does not file a report. The analysis employed in *Higgins, Wheeler* and *Price* is as applicable to the third clause of the first sentence of § 287.430, RSMo 1978, as it is to the earlier-enacted portions of the statute. Had the legislature intended that the employer's neglect or failure to file a report of injury should toll the limitations period, it "would have adopted the simple, certain, and easy method of directly incorporating such provision." *Higgins*, 328 Mo. at 510, 41 S.W.2d at 573. The legislature's omission of tolling from the sanctions authorized for the employer's failure to comply with § 287.380, RSMo 1978, indicates that tolling is not an appropriate sanction for such failure, absent fraud. "Statutes of limitation are favored in the law, and cannot be avoided

---

5. Several court of appeals decisions are in accord with *Wheeler*, and hold that the employer's failure to report an injury does not toll the running of the statute of limitations. *Schmitz v. Carr Trombley Mfg. Co.*, 139 S.W.2d 1064, 1066 (Mo.App.1940); *Armstrong v. Union Electric Light & Power Co.*, 60 S.W.2d 1013, 1014 (Mo.App.1933); *Bridges v. Fruin-Colnon Construction Co.*, 52 S.W.2d 582, 583–84 (Mo.App. 1932); *Wedemeier v. St. Louis Malleable Casting Co.*, 52 S.W.2d 569, 570 (Mo.App.1932); *Helle v. Eyermann Contracting Co.*, 44 S.W.2d 234, 236 (Mo.App.1931); *Bricker v. Gille Mfg. Co.*, 225 Mo.App. 989, 992, 35 S.W.2d 662, 664–65 (1931). In *Cotton v. Voss Truck Lines, Inc.*, 392 S.W.2d 428, 432–33 (Mo.App.1965), the Court stated:

Of course, the failure of an employer . . . [to file the report of injury] as Section 287.-380(1) plainly directs, does not toll the running of the one-year statute of limitations [Section 287.430], notwithstanding the fact that such failure renders it impossible for the Commission to "inform the employee generally of his rights" [Section 287.400] under the Missouri Workmen's Compensation Law.

unless the party seeking to do so brings himself strictly within [an] exception." *Higgins,* 328 Mo. at 511, 41 S.W.2d at 574. Respondent does not allege that appellant fraudulently concealed from respondent either the fact of injury or the right to make a claim. Fraudulent intent will not be inferred from the mere failure or neglect to file a report of injury. Appellant's failure to report the accident did not prevent respondent from filing a claim for compensation.

The rule that the failure of employer to file a report of injury does not toll the workmen's compensation limitations period was well-established when the legislature re-enacted §§ 287.380 and 287.430, RSMo, in 1965. The legislature is presumed to know the prevailing judicial construction of statutes and, when it re-enacts language previously construed, the legislature is presumed to adopt the settled construction, *Stamm Electric Co. v. Hamilton-Brown Shoe Co.,* 350 Mo. 1178, 1183, 171 S.W.2d 580, 583 (banc 1943). Only a clear and unambiguous expression of legislative intent could render the employer's mere failure or neglect to file the report of injury sufficient to toll the running of the statute of limitations. We do not find such a clear expression of legislative intent in the third clause of the first sentence of § 287.430, RSMo 1978. The right to file a workmen's compensation claim more than a year after the injury occurred or the last payment on account of

the injury was made is expressly conditioned on the employer's filing a report of injury with the commission; where that contingency does not occur, the filing of a workmen's compensation claim is not authorized.[6]

This Court has not disturbed the rulings in *Higgins, Wheeler* and *Price* for nearly fifty years. The court of appeals in this case relies on *Snow v. Hicks Brothers Chevrolet, Inc.,* 480 S.W.2d 97, 103 (Mo.App. 1972), for the principle that the employer's failure to file a report of injury tolls the statute of limitations. The claimant in *Snow* was injured while working on his employer's premises on July 13, 1967, and was provided medical aid by his employer until September 9, 1967, but did not file a claim for compensation until October 30, 1968. At the time the claim was filed, the employer had not filed a report of injury with the division. The employer interposed as defenses that the claim was barred under § 287.420, RSMo 1978, because the claimant had not personally given the employer the required written notice of injury, and that the claim was barred by the statute of limitations provided in § 287.430, RSMo 1978. The opinion in *Snow* contains a scholarly treatment of the rule that an injured employee need not give written notice of an accident to his employer under § 287.420, RSMo 1978, if it can be proven that the employer received actual notice of the accident. *Id.* at 101–02.[7] The Court in *Snow*

---

**6.** Appellant contends that respondent's claim was not timely, arguing that while the employer's failure to report an injury may toll the running of the one year limitations period, the last sentence of § 287.430, RSMo 1978, provides for a maximum overall limitation on the filing of claims of five years. The last sentence of that section, appellant argues, incorporates by reference the five year limitations period for civil actions found in § 516.120, RSMo 1978. It is apparent that this view cannot be a correct reading of the statute. If the employer's failure to file a report of injury is an improper act within the meaning of § 516.280, RSMo 1978, so as to stay the running of the limitations period of § 287.430, RSMo 1978, then by a parity of reasoning, such failure must also stay the running of the five year limitations period of § 516.120, RSMo 1978. It is not consistent to say that the one year limitations period is

tolled but that the five year limitations period is not tolled.

**7.** Although § 287.420, RSMo 1978, requires that the employer receive written notice of an injury, that section excuses this requirement if the employer was not prejudiced by the failure to receive the notice. The complete text of § 287.420, RSMo 1978, is as follows:

No proceedings for compensation under this chapter shall be maintained unless written notice of the time, place and nature of the injury, and the name and address of the person injured, have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the division or the commission finds that there was good cause for failure to give the notice, or that the employer was not prejudiced by failure to receive

rejected the employer's statute of limitations defense on the assumption that the employer's failure to file the report of injury required by § 287.380, RSMo 1978, indefinitely tolls the running of the limitations period provided in § 287.430, RSMo 1978:

> [I]f an employer with knowledge of [a potentially compensable] injury fails to make report of injury, such *neglect* tolls the running of the statute of limitations in favor of an employee.

*Id.* at 103. (Emphasis added.) *Snow* presents no argument for this assertion, and cites no authority to support it. The attempt in *Snow* to resurrect the *Schrabauer* rule, that mere neglect is sufficient to toll the running of the statute of limitations, must be rejected under our controlling cases.[8] "[C]ourts are not at liberty to write into [the Workmen's Compensation Law] under the guise of construction, provisions which the legislature did not see fit to insert." *Schmitz v. Carr Trombley Manufacturing Co.*, 139 S.W.2d 1064, 1066 (Mo. App.1940).

Since respondent's claim for compensation was filed more than one year after

respondent sustained a compensable injury, the claim was not timely. We reverse.

DONNELLY, RENDLEN and MORGAN, JJ., concur.

BARDGETT, C. J., dissents in separate dissenting opinion filed.

SEILER and HIGGINS, JJ., dissent and concur in separate dissenting opinion of BARDGETT, C. J.

BARDGETT, Chief Justice, dissenting.

I respectfully dissent.

The principal opinion essentially follows all the cases cited in the text of the opinion in support of the conclusion reached. The difficulty is that all the cases cited *in support* of the conclusion were decided prior to October 13, 1965, the date upon which the amendment to § 287.430 adopted by the Seventy-Third General Assembly became effective. It is that change in statutory law that deprives the prior cases of any precedential value or controlling authority as to the precise issue presented by this case. Those earlier cases need not be overruled; they simply no longer reflect the law

---

the notice. No defect or inaccuracy in the notice shall invalidate it unless the commission finds that the employer was in fact misled and prejudiced thereby.

Much of the court of appeals opinion in the instant case was devoted to discussion of whether appellant's actual knowledge of the injury shows that appellant was not prejudiced by the failure to receive the written notice required by § 287.420, and whether the treatment provided by the nurse in appellant's clinic constituted medical treatment which would trigger the employer's duty to file an injury report under § 287.380, RSMo 1978, and applicable division regulations (which do not require a report be filed for "first-aid only"). While we do not reach these two questions, the writer will assume that the record is sufficient to answer both in the affirmative.

8. The workmen's compensation statutes in several other jurisdictions clearly provide or have clearly provided that the employer's failure to report an accident deprives the employer of the statute of limitations defense or that delay in reporting an accident extends the limitations period. *See, e. g., Childress v. Childress Painting Co.*, 226 Kan. 251, 252, 597 P.2d 637, 639 (1979); *Douglas v. Am. Oil Co.*, 235 Md. 4, 6, 200 A.2d 57, 58 (1964); *Norris v. Chrysler Corp.*, 391 Mich. 469, 474–75, 216 N.W.2d 783,

785–86 (1974); *Bates v. Asbury Iron & Bridge Works, Inc.*, 130 N.J.L. 394, 396, 33 A.2d 692, 694 (1943); *Sanchez v. Bernalillo County*, 57 N.M. 217, 220, 257 P.2d 909, 911 (1953); *Blakeley v. Compensation Comm'n.*, 124 W.Va. 47, 48, 18 S.E.2d 796, 797 (1942). "It is generally held, however, that where the act contains no such provision (and ours does not), the mere failure on the part of an employer to report the accident does not, in the absence of fraud, toll the running of the statute as to the time for filing a claim for compensation." *Duncan v. Gaffney Mfg. Co.*, 214 S.C. 502, 507, 53 S.E.2d 396, 398 (1949). *See, Welchel v. Am. Mut. Liab. Ins. Co.*, 54 Ga.App. 511, 512, 188 S.E. 357, 358 (1936); *Otis v. Parrott*, 233 Iowa 1039, 1046, 8 N.W.2d 708, 713 (1943); *Arnold v. Claude Lacey & Son*, 73 Idaho 1, 3, 245 P.2d 398, 399 (1952); *Langhorne & Langhorne Co. v. Newsome*, 285 Ky. 519, 522, 148 S.W.2d 684, 686 (1941); *Lunzer v. W. F. Buth & Co.*, 195 Minn. 29, 30, 261 N.W. 477, 478 (1935); *Oklahoma Cotton Coop Ass'n Compress v. Thomas*, 560 P.2d 562, 566 (Okl.1977). *See generally*, A. Lawson, 3 Workmen's Compensation Law § 78.49, pp. 15–169 to 15–174 (1976); 100 C.J.S. Workmen's Compensation § 475, pp. 390–92.

on the subject because the General Assembly has amended the statute and changed the law.

The facts necessary to the decision here are:

1) Plaintiff was an employee of defendant and was subject to the Workmen's Compensation Law of Missouri.

2) On April 30, 1966, plaintiff was injured in the course and scope of his employment when he fell backwards, striking his elbow and head and temporarily losing consciousness. When he regained consciousness, the company foreman sent him to the company hospital on the company's premises. Plaintiff was seen by a company nurse who recorded in writing on a company form furnished for that purpose that plaintiff complained of stiffness and slight pain in the lumbar region of his back and abrasions on his left elbow. In reporting the plaintiff's explanation of how he was injured, the nurse wrote the following: "Claims: Stopping runner—cable brake and [patient] fell backwards". It is timed and dated 12:05 p. m. 4–30–66. This written record was placed in evidence by plaintiff through defendant's Supervisor of Safety, Security and Environmental Control as a record of the defendant company of injury to an employee during the course of the employee's employment.

3) Plaintiff filed his claim for compensation on October 25, 1974.

4) Defendant has never filed a report of injury as required by § 287.380, RSMo 1978.

The issue is whether the claim is barred by § 287.430, RSMo 1978.

As originally enacted, what is now § 287.-430 provided (Laws of Mo.1925, § 39, p. 396): "Limitation as to action.—No proceedings for compensation under this act shall be maintained unless a claim therefor be filed with the commission within six months after the injury or death, or in case payments have been made on account of the injury or death, within six months from the date of the last payment. In all other respects such limitations shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity."

In 1941 an amendatory act substituted "one year" for "six months" throughout the first sentence. Laws of Mo.1941, p. 718. In 1947 an amendment inserted as the second sentence the following: "The filing of any form, report, receipt, or agreement, other than a claim for compensation, shall not toll the running of the one year period provided in this section." Laws of Mo.1947, Vol. II, § 1, p. 448.

The provision in the act relating to the *notice of injury to be given by the employee to the employer* originally provided as follows (Laws of Mo.1925, § 38, p. 395): "No proceedings for compensation under this act shall be maintained unless *written notice of the time, place and nature of the injury, and the name and address of the person injured,* shall have been given to the employer as soon as practicable after the happening thereof but not later than thirty days after the accident, unless the commission shall find that there was good cause for failure to give such notice, or that the employer was not prejudiced by failure to receive such notice. No defect or inaccuracy in such notice shall invalidate the same unless the commission shall find that the employer was in fact misled and prejudiced thereby."

This section, § 38, has remained virtually unchanged[1] and is now § 287.420, RSMo 1978.

The original provision relating to the duty of the employer to file a report of injury as enacted in 1925 has also remained virtually unchanged[2] to the present and is now § 287.380, RSMo 1978.

---

**1.** The words "the division or" were inserted in line 6 between "unless" and "the", so the phrase now begins "unless the division or the commission finds". (Laws of Mo.1965, § 1, p. 397.)

**2.** See Laws of Mo.1925, § 34, p. 394; Laws of Mo.1965, § 1, p. 397.

The foregoing was the state of the statutory law of Missouri relevant to the issues in this case during the time all of the cases relied on by the principal opinion, relating to the issue of "tolling" the one-year-claim period when the employer fails to file the report of injury required by § 287.380, were decided.

In this regard, the significant fact is that there *was no* provision in § 287.430 "Limitation as to action—exception", which related to or even mentioned the filing of a *notice of injury* by the employee with the employer as required by § 287.420 nor the employer's *report of injury* duty as set out in § 287.380. The employee *was* required to file his claim for compensation within one year *after the injury or* within one year *after the last payment.* Therefore, in order to permit the claim to be filed after the end of the longer of the alternative one-year periods, the courts had to hold that the applicable one-year period was tolled. As shown in the principal opinion, the appellate courts during the period prior to the 1965 amendment to § 287.430 held that in order to "toll" the one-year period the court had to find the act of the employer in failing to file a report of injury as required by § 287.380 was in the nature of fraud. *Schrabauer v. Schneider Engraving Product Co.*, 224 Mo.App. 304, 25 S.W.2d 529, 533–34 (1930). See *Wheeler v. Missouri Pacific R. Co.*, 328 Mo. 888, 42 S.W.2d 579 (1931); *Higgins v. Heine Boiler Co.*, 328 Mo. 493, 41 S.W.2d 565 (1931).

Further analysis of the earlier cases is unnecessary because the legislature made a significant amendment to § 287.430 in 1965. The amendment provided a *third alternative* for the filing of a compensation claim which is conditioned on the employee satisfying the notice of injury provisions of § 287.420.

Section 287.430 as amended in 1965 now provides: "No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed with the division within one year after the injury or death, or in case payments have been made on account of the injury or death, within one year from the date of the last payment, *or in cases where the employee has filed the notice required by section 287.420, the claim may be filed within one year after the filing by the employer of the report of injury or death as required by section 287.-380.* The filing of any form, report, receipt, or agreement, other than a claim for compensation, shall not toll·the running of the one year period provided in this section. In all other respects the limitations shall be governed by the law of civil actions other than for the recovery of real property, but the appointment of a guardian shall be deemed the termination of legal disability from minority or insanity." (Emphasis supplied.)

The italicized phrase in the 1965 amendment was what the court in *Higgins v. Heine Boiler Co.*, supra, said should be done if the failure to file a report of injury by the employer was going to form the basis for allowing the employee additional time to file his claim. 41 S.W.2d at 573. Thus, in the instant case, it is *not* a matter of overruling or disturbing what was said in *Higgins, Wheeler,* or in *Price v. Kansas City Public Service Co.*, 330 Mo. 706, 50 S.W.2d 1047 (1932). Insofar as the issue here is concerned, the General Assembly has made those holdings inapplicable to this case.

The only cases decided since the 1965 amendment which are relevant to the present issue are *Snow v. Hicks Brothers Chevrolet, Inc.*, 480 S.W.2d 97 (Mo.App. 1972), and *Reichert v. Jerry Reece, Inc.*, 504 S.W.2d 182 (Mo.App.1973). Both involve situations where the failure to file a report of injury by the employer was held to prevent the running of the initial one-year-limitations period under the 1965 amendment to § 287.430.

*Snow* does *not*, as suggested by the principal opinion, attempt to resurrect that part of the *Schrabauer* decision which was overruled as noted in *Farrar v. St. Louis-San Francisco Ry. Co.*, 361 Mo. 408, 235 S.W.2d 391, 394 (1950). The *Snow* court simply

applied the law to the case as the legislature had written it and as found in the 1965 amendment. Unfortunately, the statement from *Snow* appearing on page 13 of the principal opinion is quoted out of context. The quotation is taken from a lengthy paragraph that is cast against § 287.430 *as amended in 1965* and not with relation to *Schrabauer* or any other case decided prior to the amendment. The word *neglect* as emphasized in the quoted portion is not used to describe fraud but merely a *failure to report* and could be replaced by the word "failure". Additionally, the point principally being resolved in *Snow* at the place from which the quote was taken was whether the employee had to *personally* give written notice before the employer's *failure* to file a report of injury under § 287.380 worked to toll the limitations period. *Snow* at 103.

The *Snow* opinion gives the following analysis of the problem (480 S.W.2d at 103):

"In 1965, the Legislature repealed thirty-three sections of the Workmen's Compensation Law, including sections 287.380, 287.420 and 287.430, and re-enacted thirty-three new sections relating to the same subject. Section 287.380 was re-enacted virtually without change, as was section 287.420. The only amendments of any significance were the substitution of 'division' for 'commission' in one section and the juxtaposition of those words in the other. In neither instance was the notice language changed or its meaning in context altered. Section 287.430, on the other hand, was amended to include:

'or in cases where the employee has filed the notice required by section 287.420, the claim may be filed within one year after the filing by the employer of the report of injury or death as required by section 287.380 . . . .'.

It is this amendment which the employer interprets as requiring an employee *personally* to give written notice of injury to the employer before the employer's failure to file report of injury under section 287.380 works to toll limitations. By the year 1965, however, section 287.420 to which section 287.430 directly refers had received the settled judicial construction

(as had its statutory precursor) by the appellate courts of this state, that it is not the manner, or by whom, notice is given to the employer that determines whether the requirement of statute has been met, but whether the employer had acquired timely knowledge of a potentially compensable injury, and thus had early opportunity to investigate the accident, treat the injury, minimize the employee's disability and its own liability. *Brown v. Douglas Candy Co.*, Mo.App., 277 S.W.2d 657, 662[1–4]; *Newman v. Rice-Stix Dry Goods Co.*, 335 Mo. 572, 73 S.W.2d 264, 267[3–5]; *McFall v. Barton-Mansfield Co.*, 333 Mo. 110, 61 S.W.2d 911, 913[4]; *Lawson v. Vendo Co.*, 353 S.W.2d [113] l.c. 116[1]. It is to be presumed that by re-enacting section 287.420 in 1965 without substantive change while reincorporating the precise language previously construed, the legislature knew of and adopted the authoritative and settled judicial construction previously accorded it. *Stamm Electric Co. v. Hamilton-Brown Shoe Co.*, 350 Mo. 1178, 171 S.W.2d 580, 583[6].

"Viewed in the perspective of this legislative intent, the construction the employer suggests for section 287.430 is not a reasonable one. It would unnecessarily introduce an ambiguity into the notice provisions of the three statutory sections by reading section 287.420 as requiring that the notice of injury to the employer be, given by the employee personally, a requirement which neither the text of section 287.420 nor the fixed judicial interpretation of that section imposes. It is an ambiguity which is heightened by section 287.380(1), to which these two sections are integrally related, under which the employer's duty to file a report of injury unqualifiedly arises 'after knowledge of an accident resulting in personal injury to an employee', howsoever such knowledge was acquired by the employer. Reading all three sections as in pari materia, the uniform and consistent legislative purpose we discern—to the extent that it bears on the question presented—

is that although an employer is entitled to timely notice of a potentially compensable injury, such notice need not be given by the employee himself, and if an employer with knowledge of such an injury fails to make report of injury, such neglect tolls the running of the statute of limitations in favor of an employee. The statutory construction we adopt permits the three sections to stand together logically and harmoniously."

In our case it clearly appears that *written* notice by the employee was given to the employer. This is the only conclusion one could reach from the evidence given by the employer's Supervisor of Safety, Security and Environmental Control who brought the treating nurse's written report to the compensation hearing and identified it as a record of defendant, as stated in the facts above. That report was given to defendant on the very day of the injury. But, in any event, the employer had actual knowledge of the injury so as to investigate the occurrence fully.

If the employer had thereafter filed a *report of injury*, it seems clear that § 287.-430, as amended in 1965, clearly authorizes the employee to file a claim until the end of one year after such filing. It is also clear that the employer, *after receiving the notice required by the 1965 amendment* from the employee, can start the final year running anytime the employer chooses by simply filing the required report of injury. Obviously the employer is under no disability and is fully informed of the injury because the 1965 amendment requires, as a condition precedent to *its* operation, that the employer's rights to notice under § 287.-420 be satisfied.

The filing of the report of injury by the employer as mentioned in the 1965 amendment cannot be considered a condition precedent to the right of the employee to file his claim later than one year following the injury *if* the employee has complied with the notice of injury provision referred to in that amendment. The employer is *required by law* to file the report of injury whether or not the employee makes a claim.

See § 287.380.1, *supra*. However, the provision relating to the employee giving notice of injury to the employer does not impose an absolute duty on the employee. Rather, it makes the employee's right to proceed with a claim dependent upon the employee's compliance with that provision's notice requirements. Section 287.420, *supra*.

Thus, the obvious effect of the 1965 amendment was to authorize an employee to file a compensation claim *if* he first complied with the notice of injury requirement of § 287.420, until one year *after* the employer filed the report of injury required by § 287.380. Two examples will demonstrate the reasonableness and the necessity for this construction. Suppose A and B are injured in the same accident while working for employer X on January 2, 1980. Both A and B give notice of injury as required by § 287.420 on January 2, 1980, the date of the injuries. The last payment has been made to both on June 2, 1980. Neither employee files a claim for compensation within the first year following the injury nor within the first year after the last payment to them is made, as permitted by the first two provisions of § 287.430. Employer X does not file a report of injury as required by § 287.380. On June 2, 1984, *four and one-half years after the date of their injuries*, A and B speak to employer X and request that X file a report of injury. X agrees to file a report of injury as to A's accident and does so on June 15, 1984, but refuses to file a report as to B's accident. On July 1, 1984, A and B file workmen's compensation claims. Clearly, A's filing is proper because it was within one year after the employer filed the report of injury. But employer X contends that B's claim must be dismissed arguing that, since the employer refused to file a report of injury, the one-year period mentioned in the 1965 amendment never began to run and never would begin because employer X will continue to refuse to file the report of injury.

It is not reasonable to suppose that the General Assembly intended to leave the validity of the filing of the claim in such circumstances depend upon the arbitrary

whim of the employer in deciding whether or not he, the employer, would file a report of injury, or, as in the example, favor A by filing the report and disfavor B by refusing to do so. In my opinion, the clear intent of the 1965 amendment was to do away with any consideration of "fraud" or the "tolling" of the one-year period next following injury, and to put into effect a third provision which is separate and independent of the first two provisions. That third provision would simply allow the claim to be filed during a period of time that would not expire until one year after the employer filed a report of injury, provided the employee had satisfied the notice to employer requirement of § 287.420. As noted supra, the employer is in complete control as to when that one-year period will end. It will end one year after the employer files the report of injury. The suggestion that this will result in fictitious claims or prevent prompt investigation by the employer is spurious, because in order for the 1965 amendment to become operative the employee must have complied with the notice employer provisions of § 287.420. In short, in order for the employee to have the benefit of the 1965 amendment the employer must have received the information required by § 287.420 or that section be otherwise satisfied as provided therein. We are not really dealing here with "tolling" a one-year statute. Instead we are concerned with whether the employee filed his claim within the time allowed by the third proviso adopted in 1965.

In my opinion, *Snow* correctly construes and applies § 287.430 *as amended in 1965*, and *Reichert*, supra, decided by the Missouri Court of Appeals, Southern District, also correctly applies § 287.430 and properly follows *Snow*.

We are specifically instructed by § 287.-800 that the provisions of chapter 287 are to be "liberally construed with a view to the public welfare" and by § 1.010 that "all acts of the general assembly, or laws, shall be liberally construed, so as to effectuate the true intent and meaning thereof."

In my opinion, the true intent and meaning of § 287.430 is to allow a workman who has complied with § 287.420 to file a compensation claim from the date of injury until the end of one year after the employer files the report of injury required by § 287.380. The employee in this case is in compliance with this section because the employer has never taken that simple step—filing a report of injury as required by law—which would, if done, start the last one year period by the end of which the claim must be filed.

I therefore dissent, as I would affirm the judgment of the circuit court which affirmed the award of the Labor and Industrial Relations Commission in favor of the employee.