**STATE of Missouri, ex rel., JIM WALTER PLASTICS, etc., et al., Appellants,**

v.

**Honorable Robert H. SIHNHOLD, Respondent.**

**No. 44467.**

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 23, 1982.

Adrian DeYong, Jr., St. Louis, for appellants.

Morris B. Kessler, St. Louis, for intervenor.

John Ashcroft, Atty. Gen., Jan Bond, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Preliminary writ of prohibition issued by a circuit judge and then quashed by the same circuit judge. We affirm.

Donald Fowler (claimant) filed a Worker's Compensation Claim on November 20, 1978 alleging work related injury "about January, 1969." Employer and insurer assert the claim was barred by claimant's failure to comply with § 287.420, RSMo. 1969 (notice of injury to employer by employee) and § 287.430, RSMo. 1969 (one year statute of limitations with provision for filing claim one year after the employer files a report of injury).

The Worker's Compensation Claim was set for hearing on March 20, 1980. On March 11, 1980, our Supreme Court handed down *DeRousse v. PPG Industries, Inc.,* 598 S.W.2d 106 (Mo.banc 1980). *DeRousse* said mere failure or neglect of employer to file a report of injury required by § 287.380,

RSMo. 1978 did not toll the statute of limitations.

On March 18, 1980, claimant filed a motion for continuance of the March 20, 1980 hearing date and moved the respondent (administrative law judge) to require employer to file a report of injury. On June 6, 1980, administrative law judge ordered appellants (employer/insurer) to file a report of injury or suffer the penalty of having their pleading stricken. Employer/insurer filed a petition for writ of prohibition in the circuit court to restrain administrative law judge from enforcing the order requiring the filing of the report of injury. The trial court issued its preliminary writ and then quashed its preliminary order. Employer/insurer appealed.

 Prohibition is not a remedy for all difficulties. It cannot be used as a substitute for appeal. *State ex rel. Speer v. Grimm,* 599 S.W.2d 67, 69 (Mo.App.1980). It is to be used only in extreme cases when there is no other adequate remedy. It is not to be used to adjudicate grievances which may be adequately redressed in an ordinary course of judicial proceedings. The filing of a report of injury cannot be prejudicial to employer/insurer. If error, the error can still be preserved and presented on an appeal from the final judgment in the regular course of litigating the Worker's Compensation Claim. *State ex rel. Leverage Inv. Enterprises v. Yeaman,* 581 S.W.2d 53, 56 (Mo.App.1979) and *Boyer v. Anderson,* 621 S.W.2d 72, 75 (Mo.App.1981). If we were to rule the order of the administrative law judge was improper, said ruling would not end the Worker's Compensation proceeding. Claimant, in either event, has the same burden of proof. The mere filing of a report of injury pursuant to the order of the administrative law judge, upon objection, will not avoid the import of *De-Rousse.*

The order of the circuit judge quashing the preliminary writ of prohibition is affirmed.

REINHARD, P. J., and SNYDER, J., concur.